24    427
117   368

24    427
148   215
148   216

# BERNARD CURRAN *v.* FRANCIS K. SHATTUCK.

ROADS—CONDEMNATION OF LANDS FOR.—A statute for the condemnation of the land owned by individuals for road purposes, which fails to provide a method of ascertaining the compensation to be paid to the owner, and the way and means of paying the same before the road is opened, is unconstitutional.

SAME—STATUTORY CONSTRUCTION.—The provisions of a statute which provides for taking the lands of private persons for road purposes must be strictly followed, and the Act must be strictly construed.

CONDEMNING LANDS—NOTICE TO OWNER.—The proceedings for the condemnation of land for road purposes fall within the class denominated "special cases" in the Constitution, and in such proceedings the person whose land is to be taken against his will must have notice or the proceedings will be void.

SAME.—Notice to the owner when the proceedings are commenced is not notice to his vendee who purchases pending the proceedings.

SAME—COMPENSATION—WHO PAID TO.—When the compensation to be paid to the owner of the land has been ascertained, the amount thereof must be paid to the one who is the owner at the time, or his authorized agent.

OPENING ROAD—INJUNCTION.—Where the statute under which proceedings for the condemnation of land for road purposes is taken is unconstitutional, or its provisions are not strictly pursued, or notice is not given to the owner of the land, or the compensation is not tendered to him, a perpetual injunction against opening the road will be granted.

EFFECT OF INJUNCTION.—A perpetual injunction against opening a road under proceedings which have been taken does not prevent laying out a road at any future time over the same land whenever the proper steps are taken to acquire the right of way and the right has been secured.

LIS PENDENS.—The common law doctrine of *lis pendens* does not apply to the proceedings before a Board of Supervisors for condemnation of land for road purposes.

APPEAL from the District Court, Third Judicial District, Alameda County.

The facts are stated in the opinion of the Court.

*Wm. W. Crane,* for Appellant.

The most material question is, whether the respondent was properly notified of the day designated for the assessment of damages. It will be remembered that Higgins remained in

possession, occupying the lands for farming purposes, and was there by permission of the respondent.

The statute provides (Laws of 1862, p. 81, Sec. 13): "At the designated meeting, the applicant for said location or alteration, or one or more of them, shall file affidavits with the Clerk of the Board that he has notified all owners, occupants, or agents of land over which said proposed road is to pass, of the aforesaid designated time for assessing damages, with a copy of said notice, which shall give the parties affected at least five days notice to appear; *provided*, further, that should the land over which said proposed road is to pass be vacant, or the owners thereof unknown, or reside out of the county, then the affidavit shall state that the said notice was posted in some conspicuous place at least five days previous to the designated time for assessing such damages."

The plain meaning of this clause is that the notice shall be served upon either the owner, or upon the occupant, or upon the agent of the land. The grammatical construction of the language is not that the owners *and* occupants *and* agents shall receive notice.

The proviso, taken in conjunction with the preceding part of the clause, only enjoins that if the land be vacant, and there be no occupant or agent of the owner in the county, or the owner resides out of the county, then the notice shall be given by posting.

It cannot mean that if there be an occupant and agent, you shall serve both, and shall also post notices if the owner reside out of the county.

By construing the whole Act together, it will be seen that the Legislature did not intend that so vain a thing should be done. Section seven, Laws of 1862, p. 79, provides for the giving of notice upon the inception of the proceedings. It requires that notice shall be served on all parties occupying and owning land, or their agents, and if the owners do not live in the county, or are unknown, then notice shall be served on the parties occupying the land, or if it is vacant, then shall be posted. It was probably not intended to require greater

strictness in notifying parties of the day designated for fixing the damages, than of the application to open the road.

If in the case at bar the respondent had owned the land when these proceedings were commenced, and Higgins had then been in possession under the same terms as afterwards, a notice of the application to open the road served upon Higgins would clearly have been sufficient under section seven; and I submit that a reasonable construction of section thirteen authorizes also a service of the second notice upon Higgins, the occupant, and agent of the owner also.

*W. H. Glascock,* for Respondent.

After the 29th of January, 1862, Higgins was the tenant of Curran, who was the *owner* of the premises, and *resided out* of the county.   The District Attorney claims that the notice to Higgins was sufficient, and refers to Stat. 1862, p. 80, §13, in which are the following words : "*Provided,* further, that should land over which said proposed road is to pass be vacant, or the *owners* thereof *unknown,* or *reside out of the county,* then the *affidavit* shall state that said *notice* was *posted* in some conspicuous place at least *five days* previous to the designated time for assessing the damages." It is conceded that there was no such notice posted nor affidavit made.

The best rule to arrive at the meaning and intention of the law is to abide by the words which the law-maker has used. (9 Bacon Abr. 238.)   If a *proviso* in a statute be directly contrary to the purview of the statute, the proviso is good and not the purview, because it speaks the later intention of the legislators.   (Ib. 243.)

The owner, Bernard Curran, did not reside in the county, and did not have actual notice, and the provisions of the statute to constitute *constructive* notice were not complied with. It is a fundamental principle of law that a party must have notice and an opportunity to be heard before his property can be taken ; and if the statute provides that certain acts done shall be deemed to impart notice, then the statute must be strictly followed.

Again: if it should be held that giving notice to Higgins was notice to Curran, yet there is no pretence that there was any assessment of damages in favor of Curran, or that there was even any *tender* of damages in any amount to Curran. Thus we have an attempt to take the land of Curran without notice to him, or the assessment of any damages to him, or the tender of any sum whatever as damages to him. If Higgins should be made by statute a party to *receive notice* for Curran, he is not made by statute a party to whom a tender can be made for Curran.

By the Court, RHODES, J.

This action was brought to enjoin the defendant from proceeding as an overseer of roads to open a highway over the land of plaintiff.

A petition was filed before the Board of Supervisors on the 15th of September, 1861, pursuant to previous notice, for the location of the road, and on that day the Board appointed viewers, and they having failed to act, other viewers were appointed on the 5th of November, 1861, and directed to proceed to view the road on the 15th, and they, having been sworn on the 20th, adjourned to the 23d, and on that day proceeded to view the road, and subsequently they reported in favor of the road as petitioned for, and on the 7th of April, 1862, the Board confirmed the report, except as to the damages, and on the 5th of May proceeded to assess the damages, and ordered that the damages to the lands of Higgins, the plaintiff's grantor, be assessed at three hundred dollars. That sum was tendered to him, but he refused to accept it. The Board, on the 15th of September, made an order establishing the road at the width of sixty feet, and a copy of the order was delivered to the defendant, who was about to open the road according to the said order.

From the commencement of the proceedings to the 29th of January, 1862, Higgins was the owner in fee of a tract of land over which it was proposed to lay out the road; and on that day he conveyed a portion of his premises to the plaintiff, and

the deed was recorded on the 31st of January; but Higgins remained in possession of the premises as a tenant during all the proceedings of the Board.    That plaintiff was a non-resident of the County of Alameda during the pendency of the proceedings, and had no actual notice thereof until after the order of the 15th of September, 1862.    Damages were not assessed for his benefit, nor were they tendered to him, nor to any one as his agent.    Upon the hearing, the Court decreed a perpetual injunction, restraining the defendant from laying out the road over plaintiff's land.    The defendant appeals from the decree, and from the order overruling his motion for a new trial.

The proceedings were commenced under the general road law of 1861; but on the 24th of March, 1862, the road law for the County of Alameda took effect; and the question is raised by counsel whether the proceedings before the Board, after that date, were had or should have been conducted under the general or the special Act; but the decision of this case does not turn upon that question, for if the public have not acquired the right of way by means of the proceedings of the Board of Commissioners under either Act, then the injunction must be sustained.    The object of the proceedings of the Board of Commissioners is to ascertain if the proposed road will be beneficial to the public, and if so, to determine upon the route, and then to acquire the right of way over the lands necessary for the road.    When parties have not granted the right of way, the proceedings of the Board of Supervisors amount in effect to a condemnation of the land for public uses.    It is provided in the Constitution of this State, that private property shall not be taken for public use without just compensation.    No right in the land vests in the public until such compensation is made or tendered to the owner.    If the authority to ascertain the compensation, or to assess the damages, as is usually denominated in the Road Acts, and, upon paying or tendering the same, to divest the owner of some interest in his land, is conferred upon a Board like that of the Supervisors, possessing but a limited and inferior juris-

diction, it is the inflexible rule that the Board must strictly pursue the statute or the proceedings will be void.

It is held in *Bensley* v. *Mountain Lake Water Company*, 13 Cal. 306, that " all statutory modes of divesting titles are strictly construed, and to be strictly followed.   He who relies for a title upon an extraordinary mode of acquisition given him, not by the will of the owner, expressed or implied, but against his will and by the mandate of the law, must show for his warrant a strict compliance with those statutory rules from which his title accrues."   The power conferred must be executed precisely as it is given, and any departure will vitiate the whole proceeding. (Sedgwick on Stat. and Const. Law, 319 ; Dwarri's, 611 ; 1 East. 64.)

The Board or officer must find the power to ascertain the compensation within the statute.   A resort cannot be had for that purpose to implication. (*Sharp* v. *Spire*, 4 Hill, 76 ; *Sharp* v. *Johnson*, Ibid. 92.)   If the statute has failed to provide, directly, the means or mode, it simply results that the compensation cannot be ascertained, and, therefore, the land cannot be taken for public use without the consent of the owner.   The Board cannot insert into the statute provisions conferring further powers, however necessary they may be to carry into effect the supposed intention of the Legislature.

If the proceedings of the Board in this case were had under the general road law of 1861, and if every act required by that law to be performed by the petitioners, Board of Supervisors, viewers, and other officers, has been done according to the statute, still those proceedings were not effectual to vest in the public the right of way over the plaintiff's lands, for the obvious reason that the Act fails to provide for the assessment of damages—the ascertaining of the compensation—for the right of way, in any manner, at any time or place, or by any person or officer.   But if it can be held that the Act confers this principal power upon the viewers or the Board of Supervisors, then, without regard to the question as to which Act the Board acted under, the further point is presented that the plaintiff did not have notice of the proceedings to assess the

damages.   The Court below finds that he did not have notice
of any of the proceedings.   The counsel for the appellant con-
tends that, under the statute of 1861, notice to the owner of
the assessment of damages was not necessary, but in our opin-
ion it is beyond controversy that notice, actual or construc-
tive, was absolutely necessary, unless waived by his appear-
ance, or something that is deemed in law its equivalent, whether
the statute makes provisions for it or not.   The proceedings,
though not amounting to a civil action, fall within the class
denominated "special cases" in the Constitution, and "special
proceedings" in the code of New York.   (*Visscher* v. *Hudson
River Railroad Company*, 15 Barb. 37 ; *Ex parte Ransom*, 3
Code R. 148 ; *New York Central Railroad Company* v. *Warrin*,
1 Kern. 276.)   And in such proceeding the person whose rights
are to be affected against his will must have notice.   (*Cruger*
v. *Hudson River Railroad Company*, 12 N. Y. 190.)

He also insists that, regarding the proceedings subsequent
to March 24, 1861, as having been had under the special Act,
the owner of the land was duly notified of all the subsequent
proceedings, because Higgins was still the owner of the land,
(the sale being a mere sham) ; that if the plaintiff was the
owner after January, 1862, Higgins was the occupant, and
was the agent of the plaintiff, and that, through notice to him,
the plaintiff received constructive notice, as provided in the
special road Act for Alameda County.

It is unnecessary to determine whether the Board retained
jurisdiction of the proceedings after the passage of the special
Act under that Act or under the general Act of 1861, but it
is a sufficient answer to say, that the seizin of the plaintiff
was directly an issue in this case, and the Court below found
the fact in favor of the plaintiff; and it might be suggested
that when the claimants show before the Board a *prima facie*
case of ownership, although the real and beneficial interest is
in another, yet neither the Board nor the viewers are compe-
tent to pass upon the question of title, but must act at their
peril in notifying parties and tendering damages.

The plaintiff denies that he had notice of the proceedings,

and this denial will include constructive as well as actual notice, and the Court finds that he had no notice of the proceedings until the defendant was about to proceed to open the road, pursuant to the order of the Board of the 15th of September. On examination of the record, it does not appear that any attempt was made to notify the plaintiff in any manner; indeed, his name is not mentioned in the proceeding, although the record of his deed imparted notice of his ownership. The special Act, section thirteen, provides that if the owner of the land is a non-resident of the county, the affidavit of service shall state that the notice was posted in a conspicuous place five days before the time for the assessment of damages. The plaintiff was a non-resident, and there is no evidence that a notice was posted. Notice to Higgins was not, in any sense, a notice to the plaintiff. A statute authorizing constructive service must be strictly pursued. (*People* v. *Huber*, 20 Cal. 81; *Hallett* v. *Righter*, 13 How. Pr. R. 43; Sedgwick on Stat. and Const. Law, 319.)

The appellant urges that Higgins, while the owner of the land, was notified of all the proceedings, and that his vendee is deemed to have purchased with notice; and that if such is not the rule, it would be in the power of an owner to constantly baffle the Board, and prevent the location of a road over his land. If the owner has the power, (and it may be that he does possess it as the law now stands,) it simply makes apparent another insufficiency of the road laws to meet the just demands of the public; but the statute not having provided against that contingency, the Courts are powerless to afford an adequate remedy. The statute has not declared that a notice to the owner shall impart a notice to his vendee. The common law doctrine of *lis pendens* does not apply to the proceedings before a Board of Supervisors, and the statute has not extended it to them.

We agree with the counsel for the respondent, that without regard to the regularity of the proceedings before the Board, up to and including the assessment of the damages, the right of way could not be acquired unless the damages, as compen-

sation for the land, have been tendered to the owner or his authorized agent. (McCauley v. Weller, 12 Cal. 500, and cases there cited; Bensley v. Mountain Lake Water Company, 13 Cal. 306.) The tender was not made to the plaintiff, nor to any one for him.

It cannot with propriety be urged that the injunction in this case will prevent the laying out of a road at any future time over the lands of the plaintiff; for, notwithstanding the proceedings that have been had before the Board, whenever the proper steps are taken to acquire the right of way, and that right has been secured, the road may be opened, and the present injunction will not be operative against the exercise of the rights thus acquired.

Nor can the appellant invoke the rule that the proceedings of the Board cannot be attacked collaterally, for it must be made clearly to appear that the Board had jurisdiction of the matter in controversy, and of the person of the party, where private rights are involved, otherwise its orders are void. The Board of Supervisors is not, in any sense, a Court; but, though exercising certain quasi judicial functions, it possesses only an inferior and limited jurisdiction, and the facts conferring jurisdiction in any given matter must affirmatively appear.

It is unnecessary to pass upon the other points, because, if the plaintiff was not notified of the time or place of the assessment of damages, or if the amount, after being assessed, was not tendered to him, the injunction must stand.

Judgment affirmed.

SHAFTER, J., expressed no opinion.