Howell, J.,
concurring in the decree. I think we have jurisdiction of .the case in so far as the constitutionality or legality of the tax is in contestation, whatever may be the amount. Constitution, article 74.
The defendant is taxed on real estate only, and he says the tax is unconstitutional because $500 of movable property is exempted, which if included in the assessment would make the rate less.
If it be unconstitutional to exempt any portion of the movable property, it will not relieve defendant from the tax in this case, because the tax as to all other property is in accordance with the law, which is not unconstitutional in whole, but only as to the exemption, if at all. This is the principle in the case in 24 Cal. 433, cited by him. We have also applied the same principle in more than one case. And the rate of taxation is a legislative matter.
He next contends that the Auditor has not made an accurate calculation of the rate of taxation necessary to pay the interest on the bonds of the State, as he is directed to do in act No. 42 of 1871, under which this tax is levied and collected.
The legal authority of the Auditor to make this calculation is not questioned, but it is said he has levied a larger rate than is necessary. On this point I must concur with the Chief Justice that our jurisdiction depends on the amount involved in this suit. It is simply a question of fact and not a legal or constitutional power or right. If the calculation is correct, it is conceded that the tax is constitutional, and whether .it is correctly made or not is a question of fact, and the amount of defendant’s tax involved in this suit does not give us jurisdiction of the case.
I agree also with the Chief Justice that we can not declare the one mill tax, levied to pay certain outstanding warrants, illegal or unconstitutional, because proper parties are not before us.
As to defendant’s bill of exceptions, he says, all that is material or as much as he thinks necessary to his case, is in the record and annexed to his bill, and he says it will therefore be unnecessary to re *724 mand the case. The only objection made to the evidence was, that no evidence was admissible to sustain the grounds of defense as set out. In the view I take of the case, I think it unnecessary to pass on this bill of exceptions.
I concur in the decree.