[No. 9,605. In Bank. — September 12, 1884.]

### SIBRIAN SILVA ET AL., RESPONDENTS, v. FRANK GARCIA, APPELLANT.

INJUNCTION — WASTE. — An entry upon land, and digging up and removing fruit trees growing upon it, is waste, and an injury to the inheritance, and are acts which a court of equity may enjoin.

NOTICE — OPENING ROAD — JURISDICTION OF BOARD OF SUPERVISORS. — When an application is made to a board of supervisors to open a road over private lands, the owner of the land is entitled to notice of the proceedings. Without such notice, the order for opening the road is void.

APPEAL from an order of the Superior Court of the county of Contra Costa, refusing to dissolve an injunction.

The facts are stated in the opinion.

*A. H. Griffith*, for Appellant.

*Sheffield & Wallace*, and *E. J. Emmons*, for Respondents.

MORRISON, C. J. — The complaint in this case contains three causes of action, each of which is separately stated. The first charges an entry upon plaintiff's land, and the destruction of a fence thereon; the second charges a like entry, and the destruction of valuable fruit trees growing on the land by digging up the same, and also a threatened entry for a similar purpose; and the third charges that the board of supervisors of Contra Costa County did, on the 7th day of August, 1883, make an order

establishing a private road over and across the same land and premises of plaintiffs, and defendant threatens to go upon said land and open said road, and further, that he will do so unless restrained by an order of the court.

There was a demurrer to the complaint substantially on the grounds that plaintiffs had a full and adequate remedy at law, and secondly, that the complaint did not state sufficient facts to entitle plaintiffs to the extraordinary remedy of injunction.

The demurrer was overruled, and an injunction was granted on the 13th day of March, 1884. Defendant moved to dissolve the injunction. Motion was denied April 30, 1884, and from the order denying the motion to dissolve this appeal is prosecuted.

The principal point made and relied upon on appeal is, that plaintiffs had a full and ample remedy in a court of law, and that the acts complained of were simple trespasses, for which an action sounding in damages was the proper and only remedy.

It was something more than a mere trespass of which the plaintiffs complained. The entry upon the land, and digging up and removing the fruit trees growing thereon, constituted waste in the eye of the law, as it was an injury to the inheritance. (*Hicks* v. *Michael,* 15 Cal. 115; *Merced Mining Company* v. *Fremont,* 7 Cal. 319; *More* v. *Massini,* 32 Cal. 590.) It was clearly matter for equitable interference by the court.

The third cause of action stated that the board of supervisors had made an order that the road should be opened, which order the defendant was about to execute. It is further charged that the order was made by the board of supervisors without giving the plaintiffs any notice of the proceeding to open the road. For this reason it is claimed that the order of the board was void for want of jurisdiction. " In such a proceeding the person whose rights are to be affected against his will must have notice." (*Cruger* v. *Hudson River Railroad Company,* 12 N. Y. 190; *Curran* v. *Shattuck,* 24 Cal. 433.)

We are of opinion that the facts set forth in the complaint were sufficient to entitle plaintiffs to an injunction, and therefore the court did not err in denying defendant's motion to dissolve the same.

Order appealed from affirmed.

Sharpstein, J., Ross, J., Myrick, J., McKee, J., McKinstry, J., and Thornton, J., concurred.