## UNITED STATES *v.* BRIGHTON RANCH Co. and another.

*(Circuit Court, D. Nebraska.* November 16, 1885.)

PUBLIC LANDS—FENCING FOR CATTLE RANCH—INJUNCTION.

The United States have a right to an injunction in a court of equity to prevent the enclosing of public lands, and where the legal title remains in the government in cases of pre-emptors, it can protect those lands in the same manner; except where the pre-emptor has given express license to build a fence on his land.

In Equity.

This is a suit on behalf of the United States to obtain a mandatory injunction against the Brighton Ranch Company to compel it to remove a barbed-wire fence, 57 miles long, inclosing 52,000 acres of the public lands of the United States. The testimony disclosed that this fence stood partly on deeded lands, school lands, and lands entered under the homestead, pre-emption, and timber-culture laws of the United States. The testimony further disclosed that the fence was erected on these entered lands with the permission of the settlers. Inside the fence were a large number of acres of vacant public lands.

*G. M. Lambertson,* for complainant.

*J. M. Woolworth,* for respondents.

MILLER, Justice. I am of opinion that the United States is entitled to its injunction mandatory as to so much of the fence complained of as exists, and prohibitory as to building any future fences, so far as either of them comes within the following principles: (1) There exists no right in the defendants to build any fence on the lands of the United States. (2) All lands are for this purpose lands of the United States so long as the *legal title* remains in the United States. (3) It is the right of the United States and its duty to protect all such lands from this misuse in cases where there have been any kind of entries, whether of pre-emption, homestead, or private entry, though the purchase money be paid, so long as the legal title remains in the United States; except where these latter parties build their own fences, or give express license to others to do it. In these cases it holds the title in trust, and can maintain this bill to remove the fence or prevent its erection. A decree should be entered based on these principles.