[No. 11780½. Department Two. — August 1, 1887.]

JOHN H. WISE ET AL., RESPONDENTS, *v.* J. B. BURTON, APPELLANT.

EJECTMEMT — IMPROVEMENTS ERECTED BY DEFENDANT — FAILURE TO FIND AS TO WHEN IMMATERIAL. — In an action of ejectment, a judgment in favor of the plaintiff will not be reversed for the failure of the court to find on an issue made by the answer in relation to improvements on the land, the value of which the defendant seeks to set off against the damages for withholding the property, when the answer fails to aver that such improvements were made in good faith, and there was no evidence offered at the trial, either of the nature of the improvements or their value.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The action was brought to recover the possession of certain land. Judgment was rendered in favor of the

plaintiffs.   The defendant moved for a new trial, and his motion being denied, appealed from the order.   This appeal is reported in the preceding case, *ante*, p. 166.   The further facts are stated in the opinion of the court.

*A. B. Canfield*, and *A. Packard*, for Appellant.

*W. C. Stratton*, for Respondents.

THORNTON, J. — This is an appeal from the judgment in the same case, No. 11780, *ante*, p. 166, which last is an appeal from an order denying a new trial.

There is but one point, which is, that the court did not find on an issue made by the answer in relation to improvements on the land, to be allowed as a set-off to damages for withholding the property for which judgment is rendered.   The value of such improvements may be allowed as a set-off to damages when made by a defendant, or those under whom he claims, in good faith, holding under color of title adversely to the claim of plaintiff.   (Code Civ. Proc., sec. 741.)   It is not averred by defendant that such improvements were made in good faith, and there is no evidence in the record that any such improvements were made.   In the record in case No. 11780, which is an appeal from an order denying a new trial in this cause, there is evidence that there was a house on the land for which the judgment was rendered, but there is no testimony showing that the house was such that it should be regarded as a permanent improvement, or of its value.   Confining the consideration of the case to the record presented here on this appeal from the judgment, in which the defense is not well pleaded, and there is no evidence either of improvements or their value, we would not hold that the court erred in not finding on the issue.   This court will not reverse for want of a finding on an issue where there is no evidence in relation to such issue.

Granted that we could look into the record in the other

case, where all the evidence in the case is set forth, but in which there was also a lack of evidence, still we would not reverse, because the court had failed to find on the issue mentioned. The court could not judicially know the state and condition of the house, whether it constituted an improvement of the character required by the statute, nor could it judicially know its value. The case would still be one of want of evidence, and in this state of the case the judgment should not, on the contention put forth, be reversed.

As far as regards this appeal, no error appears, and therefore the judgment must stand affirmed. So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.