[No. 19045.   Department Two. — December 20, 1892.]

H. A. ROGERS, RESPONDENT, v. R. P. DUFF ET AL., DEFENDANTS.   E. A. KITZMILLER, APPELLANT.

ASSUMPSIT — MONEY PAID — PLEADING — UNCERTAINTY — ITEMS OF ACCOUNT — BILL OF PARTICULARS. — A complaint alleging that the plaintiff, as a commission broker, advanced a specified sum of money for defendants, at their instance and request, in the purchase of produce, and that the defendants promised to pay the same to plaintiff, but although often requested so to do, neglected and still neglect to pay the same to the plaintiff, is neither uncertain nor ambiguous. The plaintiff need not set forth the items of an account alleged, but must, if demanded in writing, give a copy of the account to the adverse party, or be precluded from giving evidence thereof.

ID. — GOODS SOLD — COMMISSIONS ON PRODUCE — PLEADING — IMPLIED
   AVERMENT OF SERVICES. — An allegation in a complaint that the de-
   fendants are indebted to the plaintiff for the balance of an account for
   produce sold to the defendants, and for commissions on the purchase by
   plaintiff for defendants of various articles of farm produce, implies that
   the plaintiff performed services for the defendants in purchasing the arti-
   cles; and a finding that the defendants are indebted to the plaintiff for
   labor performed at their request is within the issues.
ID. — AGENCY — COMPENSATION FOR SERVICES. — Commissions are the com-
   pensation to agents, factors, and other persons who manage the affairs
   of others, in recompense for their services.
FINDINGS — FAILURE TO FIND UPON ISSUE — EVIDENCE — APPEAL. — The
   omission of the trial court to find upon an issue is not an error for which
   the judgment will be reversed, where it does not appear that evidence
   was introduced in relation to such issue.

APPEAL from a judgment of the Superior Court of
Santa Barbara County.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

*C. A. Storke*, for Respondent.

SHARPSTEIN, J. — The plaintiff states two causes of ac-
tion in his complaint. Defendant Kitzmiller demurred
to the complaint, on the grounds that it is uncertain
and ambiguous, because it cannot be ascertained from it
whether the action is brought for the sum of $697.69, or
any sum of money, advanced for the use and benefit of
defendants, or whether said action is brought to recover
for the price of beans sold and delivered by plaintiff to
defendants, and for commissions on various articles of
farm produce, and for money paid out for defendants'
use.

The demurrer was overruled, and that ruling is one of
the errors relied on by appellant.

The first cause of action is stated in the complaint in
the following language: "That plaintiff is, and at all
times hereinafter mentioned has been, doing business
as a broker and buyer, on commission, in the county of
Santa Barbara, state of California; that as such broker,
between the twenty-sixth day of July, 1889, and the

twenty-ninth day of March, 1890, plaintiff advanced in Santa Barbara, in the county and state aforesaid, the sum of $697.69 for defendants, at defendants' instance and request, in the purchase of certain Lima and other beans, and other products of California; that defendants promised to pay the same to plaintiff, and although often requested so to do, defendants have neglected and still neglect to pay the same to plaintiff, or any part thereof."

We discover no uncertainty or ambiguity in this language. "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof." (Code Civ. Proc., sec. 454.)

We think plaintiff set forth all that he was required to under this provision of the code, and this applies as well to the statement of the second cause of action as to that of the first. The demurrer was properly overruled.

After the demurrer was overruled, the defendant Kitzmiller filed an answer to the complaint, in which he denied that he or the firm of P. Duff & Sons is indebted to the plaintiff in any sum whatever, and for cause of counterclaim alleges that plaintiff is indebted to defendants on breach of contract in not delivering Lima beans to defendants according to a contract between plaintiff and defendants.

After hearing the evidence and arguments of the respective parties, the cause having been submitted to the court for decision, the court found " that defendants, at the date of the commencement of this action, and ever since have been, and still are indebted to plaintiff in the sum of $547.88 for labor which plaintiff performed for defendants at their request, for moneys expended by plaintiff at the request in the purchase of Lima and other beans and of agricultural products of California between the *first* day of August, 1889, and the *second* day of May, 1890."

Appellant contends that the finding that defendants are indebted to plaintiff for labor performed at their request is a finding outside of the issues. There is no mention of labor in the complaint; but it is alleged that the defendants are indebted to the plaintiff in the sum of $697.69 for the balance of an account for beans sold and delivered by the plaintiff to the defendants, and for *commissions on the purchase by plaintiff for defendants of various articles of farm produce, the whole furnished, done, and performed at the request of the defendants.*

"Commissions" are the compensation to agents, factors, and other persons who manage the affairs of others, in recompense for their services, and we think the allegation that defendants are indebted to plaintiff for commissions on the purchase by plaintiff for defendants of various articles of farm produce implies that plaintiff performed services, i. e., labor, for defendants in purchasing said articles. The purchase of farm produce necessarily involves more or less labor. We think the finding within the issues.

There is no finding upon the issue raised by the counterclaim, and appellant insists that the omission to find upon that issue is a fatal error.

We do not know and cannot assume that any evidence was introduced upon that issue. "This court will not reverse for want of a finding on an issue, where there is no evidence in relation to such issue." (*Wise* v. *Burton*, 73 Cal. 174; *Himmelman* v. *Henry*, 84 Cal. 104; *Winslow* v. *Gohransen*, 88 Cal. 450.)

Judgment affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.