### UNITED STATES v. CAMFIELD et al.

(Circuit Court, D. Colorado.   January 25, 1894.)

#### No. 2,972.

1. PUBLIC LANDS—UNLAWFUL INCLOSURES.
    The inclosure of public lands by a private corporation is unlawful, under the act of February 25, 1885, without regard to the intent with which it is done.

2. SAME.
    An inclosure by one owning odd sections is unlawful, even though the fence is so constructed as, to be entirely on his own lands, if the result is to inclose therewith the even sections belonging to the government.

Proceeding against Daniel A. Camfield and William Drury for unlawfully inclosing public lands.   Heard on exceptions to the answer.   Sustained.

All the odd-numbered sections in townships 7 and 8 N., range 63 W. of the sixth principal meridian, were purchased by the defendants from the Union Pacific Railway Company.   The lands were incapable of successful cultivation without irrigation, as also were the adjoining lands, belonging to the United States.   The defendants have undertaken to build reservoirs, to be supplied from the neighboring stream, for the irrigation of their own lands and the adjacent even-numbered sections belonging to the government. The method which the defendants pursued to inclose the lands was to place a fence on their own—the odd-numbered—sections, along the lower line thereof, and dropping down about six inches, and continuing the line of fence on the odd-numbered sections in the tier of sections next below on the upper line thereof, making a continuous fence except at intervals where the break of six inches occurs.

H. V. Johnson, U. S. Dist. Atty.

H. E. Churchill, A. C. Patton, and James W. McCreery, for defendants.

HALLETT, District Judge. The act of congress of February 25, 1885, (23 Stat. 321,) declares that any inclosure of public lands made without claim or color of title shall be unlawful, and confers jurisdiction on federal courts to abate and remove, in a summary way, all fences erected contrary to the provisions of the act. In this bill the government seeks to enforce the act with respect to certain fences erected by respondents, inclosing government lands in townships 7 and 8 N., of range 63 W. of the sixth principal meridian, covering an area of 20,000 acres. It is charged in the bill that respondents, owning odd-numbered sections in these townships and other townships adjacent, have erected a fence on their own lands in such manner as to inclose the even-numbered sections in townships 7 and 8, belonging to the government. Respondents confess the fact to be as alleged, and say that the inclosure was made with a view to bring the lands under cultivation by building canals and reservoirs, from which they may be irrigated. As to respondents' intent we cannot inquire, for that is not, under this statute, a judicial question. If the fence is forbidden by statute, we are not at liberty to inquire with what intent it was built; and obviously the case is within the statute, which declares "that all inclosures of public lands" shall be unlawful, without reference to whether the fence constituting the inclosure shall be on public or private lands. The circumstance that respondents have put their fence on their own lands is of no weight against the fact that the fence makes an inclosure of public lands. Often, in this circuit, the statute has been declared to have this effect, and some of the cases are found in the reports. U. S. v. Brighton Ranch Co., 25 Fed. 465, 26 Fed. 218; U. S. v. Cleveland & Colo. Cattle Co., 33 Fed. 323. Respondents rely on two cases which seem to support the answer, but they cannot be accepted in this court: U. S. v. Douglas-Willan Sartoris Co., 3 Wyo. 288, 22 Pac. 92; U. S. v. Brandestein, 32 Fed. 738. The exceptions to the answer will be sustained.