VON AUW et al. v. CHICAGO TOY & FANCY GOODS CO. et al.

(Circuit Court, N. D. Illinois. July 15, 1895.)

1. JURISDICTION OF FEDERAL COURTS—NONRESIDENTS OF DIVISION OF DISTRICT —APPEARANCE.
   If it be true that parties cannot be sued in the Northern district of Illinois except in the division thereof wherein they reside, this is a personal privilege, which is waived by their general appearance to the action, and is not a matter going to the jurisdiction of the court.

2. EQUITY PLEADING—CREDITORS' BILL—MULTIFARIOUSNESS.
   A creditors' bill which sets up several distinct fraudulent conveyances to different defendants is not multifarious where it seeks to enforce but a single debt; and the satisfaction thereof by one defendant under a decree against him would be a satisfaction of a proper decree against any other defendant.

This was a creditors' bill filed by complainants, Von Auw and others, against the Chicago Toy & Fancy Goods Company and others. Defendants demur to the bill for want of jurisdiction and on the ground of multifariousness.

Moses, Pam & Kennedy, for complainants.
Moran, Kraus & Mayer, for defendants.

JENKINS, Circuit Judge. The complainants, as judgment creditors of the corporation defendant, filed a creditors' bill in favor of themselves and of other creditors of the judgment debtor, and charge: First. That the corporation defendant was organized on the 26th of February, 1890, by the defendants Meyer, Cohen, and Meyer, with a capital stock of $10,000, Gustave Meyer subscribing for 52 shares, Cohen for 47 shares, and Marcus Meyer for 1 share, and that said defendants elected themselves directors of the company,

and continued so to act up to the time that the company ceased business; Gustave Meyer as president of the company, and Alexander H. Cohen as secretary treasurer. Second. That, at the time when the indebtedness of the complainants was contracted by the corporation defendant, it was indebted in the sum of $100,000 in excess of its capital stock, to the knowledge of the directors, who assented to the incurring of such indebtedness. The complainants ask judgment against the three defendants who are directors for the amount of their debt under the statute of Illinois. Third. That Gustave A. Meyer and Alexander H. Cohen have not paid the amount of their respective stock subscriptions, and that they should be respectively held for the unpaid amounts thereof, to liquidate the indebtedness of the corporation. Fourth. That for the purpose of wrecking the corporation, and cheating and defrauding its creditors, the three directors named, on the 31st day of December, 1893, caused a judgment to be entered by confession in favor of the defendant Frank Ephraim for the sum of $10,598.68, upon execution under which judgment the said sum was realized and received by Frank Ephraim, to whom, also, the directors turned over other property, of the value of at least $18,000; that Ephraim is a relative of Gustave A. Meyer; that the company was not indebted to said Frank Ephraim; and that the judgment was entered and the money and property turned over to Ephraim solely for the benefit of the officers and directors of the defendant company and in reality in the interest of one or more of the directors of the company, and that such money and property are now held in secret trust for their benefit, or for the benefit of some one of them. Fifth. That on the same day another judgment by confession was entered in favor of Rebecca Cohen for $775.71, upon which was realized the amount, and that the officers of the company delivered to Rebecca Cohen merchandise and property of the defendant company to the amount of at least $2,000 prior to the entry of the judgment; that Rebecca Cohen is a relative of Alexander H. Cohen; that the judgment was entered to hinder and delay the creditors of the company; and that she holds the property in secret trust for the benefit of the officers and directors of the company, or some one of them. It asks for an accounting by Rebecca Cohen of the property and effects received by her and moneys realized upon execution, and that the same be applied to the payment of the debts of the company. Sixth. A similar judgment by confession on the same day was entered in favor of the defendant Benjamin Cohen for $1,355.42, and upon which the money was realized upon execution. Benjamin Cohen is a brother-in-law of Alexander H. Cohen. Seventh. On the same day a like judgment was entered in favor of one Abraham C. Harris for $10,586.42, which was realized by Harris by levy under said judgment. (Whether or not these judgments were without proper consideration or fraudulent is not averred.) Eighth. That the defendants Pick, Bloch, and Joel received from Gustave A. Meyer certain assets of the defendant company which the bill states should have been applied to the debts and obligations of the company, but no attack seems to be made otherwise upon the transaction. The bill prays

for a discovery and an account touching all the assets of the corporation which came into the possession of the defendants, or either of them, and that the amount of such property be delivered to a receiver, and applied to the payment of the debts of the defendant company; that all preferences may be declared illegal, and the defendants be required to account for any amount received by them under any unlawful preference; that the stock liability of each of the subscribers to the capital stock be ascertained and determined, and each person liable be required to account to a receiver for the same, and to pay in the amount of his liability towards the payment of the debts of the company, and to satisfy the judgment of the complainants; that the liability of the directors by reason of the incurring of indebtedness in excess of the capital stock of the company be ascertained and determined, and they required to account to the receiver and to pay the amount for which they are liable, and that all transfers by the defendants, or either of them, be decreed to be fraudulent and void and without consideration, and to have been made with intent to hinder and delay the creditors of the company; that the business of the company be wound up, and the avails of the property be applied to the satisfaction of the judgment. To this bill demurrer is interposed—First, that it appears from the bill that the court has no jurisdiction of the parties nor of the subject-matter; second, that the bill is multifarious.

The first ground of demurrer is without merit. The allegations of citizenship are full and complete. The objection that it does not appear that the various defendants are residents of the Northern division of the Northern district of Illinois, and that they can be sued in the division of their residence, cannot be sustained. If it be true that they could only be sued in the division of the district in which they reside, that is a personal privilege, which is waived by their general appearance to the action, and it is not a question going to the jurisdiction of the court.

Second. With respect to the objection of multifariousness, I have examined the numerous decisions to which I was referred at the argument, and there would seem to be some confusion with respect to what constitutes multifariousness in a bill. The rule of multifariousness has recently been summed up in Gibson's Suits in Chancery (section 292; quoted in 1 Beach, Mod. Eq. Prac. § 129) in a manner which commends itself to my judgment. He says that to make a bill demurrable for multifariousness it must contain all of the following characteristics: First, two or more causes of action must be joined against two or more defendants; second, these causes of action must have no connection or common origin, but be separate and independent; third, the evidence pertinent to one or more of the causes must be wholly impertinent as to the other or others; fourth, one or more of the causes of action must be capable of being fully determined without bringing in other cause or causes to adjust any of the legal or equitable rights of the parties; fifth, the decree as to one or more of the separate or independent causes must be conclusive against one or more of the defendants, and the decree proper as to the other

cause or causes must be conclusive against the other defendants or defendant; sixth, the relief proper against one or more of the defendants on one or more of the separate and independent causes of action must be distinct from the relief proper against the other defendant or defendants of the other cause of action; seventh, the satisfaction of the proper decree by any of the defendants to the extent of his alleged liability on any one or more of the distinct causes of action must not be a satisfaction of a proper decree against the other defendant or defendants on the other cause or causes of action; and, eighth, the multifariousness must be apparent, and the misjoinder of distinct causes of action manifest. If this be the correct doctrine upon the subject, this bill cannot be held to be multifarious under the seventh subdivision before referred to. There is here but one debt, and the satisfaction of that debt by one defendant under any decree against him would be a satisfaction of a proper decree against any other defendant on the other cause or causes of action.

The demurrer is overruled, and the defendants must answer to the merits by the first Monday of August, 1895.