VON AUW et al. v. CHICAGO TOY & FANCY-GOODS CO. et al.

(Circuit Court, N. D. Illinois. December 17, 1895.)

CREDITORS' BILL—PLEADING—MULTIFARIOUSNESS.

> A bill was brought by judgment creditors of a corporation against the corporation, its directors, and other parties; charging the latter as fraudulent grantees, and seeking to recover the property; seeking to enforce against the directors a personal liability under the Illinois statute, because they consented to the creation of an indebtedness in excess of the capital stock; and also charging the directors with a liability for unpaid stock subscriptions. *Held,* that the bill was demurrable for multifariousness, because these separate causes of action were of such a nature that the satisfaction of a decree against one defendant would not be a satisfaction of a decree against the others. 69 Fed. 448, overruled.

This was a creditors' bill filed by Iwan Von Auw and others, against the Chicago Toy & Fancy-Goods Company, its directors, and others. Defendants demurred to the bill for want of jurisdiction, and on the ground of multifariousness. The demurrer was heretofore overruled. 69 Fed. 448. Afterwards the order overruling the demurrer was set aside, and the cause was reargued.

Moses, Pam & Kennedy, for complainants.
Moran, Kraus & Mayer, for defendants.

JENKINS, Circuit Judge. This cause was before me upon demurrer to the bill, upon the ground of multifariousness, and the demurrer was overruled; the decision being reported in 69 Fed. 448. Subsequently, with a view to the reconsideration of the question, the order overruling the demurrer was set aside, and the demurrer reargued. I have reviewed the subject, and, upon careful consideration of the question, have arrived at the conclusion that my former ruling was erroneous.

The bill was filed in behalf of the complainants and all creditors of the defendant corporation, proceeding against the respective defendants upon three distinct grounds of suit. It charges some of the defendants to be fraudulent grantees, and seeks to recover of them the property unlawfully obtained. It proceeds against the directors of the company, three in number, to enforce personal liability under the statute of Illinois, because, as asserted, they consented to the creation of an indebtedness by the defendant corporation in excess of its capital stock. The three directors of the company were the sole shareholders of the company, and the bill seeks to recover of two of them for the unpaid amount of their stock subscription. These causes of action are manifestly distinct, affecting different defendants, the origin of each cause being unlike the others, and the persons affected by each having no common interest with those affected by the others. Upon the original hearing, these considerations were present to my mind as forceful to sustaining the demurrer. I sought to follow the rule, stated by Mr. Gibson, and referred to in the former opinion, and which I still believe to be the correct one. By that rule, to render a bill demurrable for multifariousness, it should contain all of the seven characteristics

stated. I found this bill to be subject to all of the objections except the seventh, which is that "the satisfaction of the proper decree by any of the defendants to the extent of his alleged liability upon any one or more of the distinct causes of action must be a satisfaction of a proper decree against the other defendant or defendants on the other cause or causes of action"; and I said: "There is here but one debt, and the satisfaction of that debt by one defendant, under any decree against him, would be a satisfaction of a proper decree against any other defendant on the other cause or causes of action." I fell into error in the application of the rule. The fact is as stated with respect to satisfaction of the debt; but that is not the true test of the application of the rule, nor within the spirit of the objection. The test is whether the payment by one defendant of a decree against him upon a distinct ground charged against him would of itself be a satisfaction pro tanto of a decree against another defendant upon the distinct cause of action charged against that other defendant. I made out the test to be the satisfaction of the complainants' debt, and therein was certainly wrong, for then the rule would or would not apply according to the amount of the complainants' debt,—applicable if the claim was smaller than the amount of either decree against the separate defendants, and not applicable if it were larger; whereas the true test is whether the nature of the respective claims against the separate defendants is such that the satisfaction of a decree against the one defendant would or would not be a satisfaction of a decree against the others. The test lies in the nature of the liability of the respective defendants, not in the amount of the complainants' claim. The former decision is therefore overruled, and the demurrer to the bill sustained, upon the ground of its multifariousness.