## UNITED STATES v. GUGLARD et al.

(Circuit Court, S. D. California. February 1, 1897.)

### No. 689.

1. EQUITY JURISDICTION—ENJOINING TRESPASSES—ACCOUNTING.

A bill alleging trespasses by defendant on the plaintiff's land, and the cutting and removal of growing timber therefrom, to the injury of the inheritance, with threats by defendant to continue such trespasses, and praying an injunction to restrain the same, states a case for equitable relief; and a court of equity, having acquired jurisdiction under such bill, will decree an account and satisfaction for the injuries already done.

2. EQUITY PLEADING—MULTIFARIOUSNESS.

A bill in equity, alleging trespasses on the plaintiff's land, and cutting and removal of timber therefrom by one defendant and the purchase and disposal by another defendant of the timber so cut and removed, and thereupon praying an injunction against the cutting and removal of the timber, and an accounting by both defendants, is not multifarious.

On Demurrer to the Bill.

George J. Denis, U. S. Atty.

Walter F. Haas, S. O. Houghton, and Chas. D. Houghton, for defendants.

WELLBORN, District Judge. The bill alleges that complainant is, and since the 30th day of May, 1848, has been, the owner of certain lands therein described, and that said lands are not mineral; that there has been growing on said lands a large quantity of timber, trees, and wood; that on the 1st day of October, 1893, and

at other dates and times between said date and the filing of the bill, the defendant Fidella Guglard, without license or authority therefor, wantonly and unlawfully cut and removed, and is still wantonly and unlawfully cutting and removing, a large part of the timber, trees, and wood growing on said lands; that the exact amount of trees, timber, and wood so cut and removed is unknown to complainant. The bill further alleges that the defendant Anson L. Hamilton, and other parties to the complainant unknown, have purchased and received from said defendant Fidella Guglard said timber, trees, and wood so cut and removed from said lands; that said Hamilton has sold and disposed of to other parties, to the complainant unknown, the timber, trees, and wood so purchased and received by him as aforesaid, and realized therefrom large sums of money, the exact amount of which is to complainant unknown; that prior to the filing of the bill complainant made written demand upon said defendant Hamilton for an accounting of the amount of timber, trees, and wood purchased and received by him, as aforesaid, and also the value thereof, at the times and places when and where the same were so received by him, and also the sums of money for which the same were sold by him, and the sums of money received by him from said sales, and the profits realized thereon, and demanded that said defendant account to complainant for the balance due from said defendant to the United States; but to so account, or at all, said defendant Hamilton has neglected and refused, and does still neglect and refuse. The bill further alleges that the defendant Fidella Guglard "has threatened, is threatening, and intends to, and, unless restrained by this honorable court, will, wrongfully and unlawfully cut and chop down all of the timber, trees, and wood growing and being on said section twenty-three, and will remove the same, and cause the same to be removed, from said section twenty-three, to the great and irreparable injury of this complainant; and said defendant Fidella Guglard has also threatened, and is threatening, and intends to, and, unless restrained by this honorable court, will, wrongfully and unlawfully cut and chop down all of the timber, trees, and wood growing and being on" said lands, "and will remove the said trees, timber, and wood, and cause the same to be removed, to the great and irreparable injury of this complainant." The prayer of the bill is for an injunction against the defendants, restraining the further cutting or removal of wood on said lands, and for an accounting from each of said defendants for the timber, trees, and wood received by them respectively. The defendant Hamilton demurs to the bill for want of equity, for multifariousness, and for lack of necessary parties.

The last-named ground of the demurrer is not urged in defendant's brief, and requires now no further notice than the statement that it is untenable. The other grounds will be examined in the order in which they are above stated.

1. Is the case made by the bill within the jurisdiction of a court of equity? From the brief of complainant I extract the following:

"The theory of complainant's bill of complaint is that the bill shows that complainant is entitled to the relief of an injunction against the defendant Guglard;

that this relief of an injunction against Guglard is the primary relief sought by the bill, and gives a court of equity jurisdiction of the suit; that, where a court of equity has thus acquired jurisdiction of a suit it will grant whatever other relief is proper, even though such relief is legal in its kind, and could have been obtained by an action at law; that this incidental relief is given to prevent a multiplicity of suits, a court of equity abhorring multiplicity; that while a court of equity, under the statutes now in force, will not take jurisdiction of a suit for discovery, where discovery is the only relief sought, and while the same may possibly be true of an accounting, where the subject-matter of the account is not uncertain, and does not arise out of a contract, express or implied, and where the items of the account are all on one side, still, where the complainant shows himself entitled primarily to an injunction, or to some other equitable relief, the complainant is entitled, in a court of equity, both to an accounting and to a discovery, as an incident to the primary relief to which he shows himself to be entitled; that for the foregoing reasons the complainant is entitled to an accounting and to a discovery as against the defendant Guglard, as well as the primary relief of an injunction against the defendant Guglard; that the court, as a court of equity, having acquired jurisdiction of the suit by reason of the fact that the bill shows the complainant to be entitled to the primary relief of an injunction against the defendant Guglard, the defendant Hamilton is a proper party defendant, because his being a party is necessary to prevent a multiplicity of suits; that being a proper party defendant, the court may grant any proper relief against Hamilton, even though such relief is legal in its kind; and that for this reason complainant is entitled to an accounting and to a discovery from said defendant Hamilton, as well as from the defendant Guglard."

The demurring defendant urges that the bill does not state a case for equitable relief, for the reason that the mere cutting of growing trees is not such trespass as a court of equity will enjoin. In this I cannot concur. Any injury to the inheritance or substance of the estate is irreparable. Growing trees are a part of the land whereon they grow, and their destruction is an injury to the substance of the estate. One of the authorities, at least, cited by defendant (Mining Co. v. Fremont, 7 Cal. 317), expressly sustains this view. From that case (page 323) I quote as follows:

"In the case of Gates v. Teague (Oct. term, 1856; not reported), this court held that the mere allegation that the injury was irreparable would not, in itself, be sufficient, but the complaint must show how. The same is stated as the rule in the case of Amelung v. Seekamp, 9 Gill. & J. 474. This is, no doubt, the correct rule, and facts must be stated to justify the conclusion of irreparable injury. But in the cases of mines, timber, and quarries the statement of injury is sufficient. In the nature of the case, all the party could well state as matter of fact is the destruction of the timber in the one case, and the taking away the minerals in the other."

The authorities cited by complainant on this point are to my mind, conclusive against defendant's contention. Silva v. Garcia, 65 Cal. 591, 4 Pac. 628; Mining Co. v. Clarkin, 14 Cal. 544; 2 Story, Eq. Jur. § 929; Thomas v. Oakley, 18 Ves. 184; Smith v. Rock, 59 Vt. 232, 9 Atl. 551; Wood v. Braxton, 54 Fed. 1005–1008; Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565; U. S. v. Gear, 3 How. 120. See, also, U. S. v. Brighton Ranche Co., 26 Fed. 218; Id., 25 Fed. 465; Fost. Fed. Prac. § 215; Hicks v. Michael, 15 Cal. 107; Mining Co. v. Fremont, 7 Cal. 317; and More v. Massini, 32 Cal. 590. Where a bill shows cause for equitable relief by injunction to stay destructive and continuous trespass in the nature of waste, the court, to prevent another suit, will decree an account and satisfaction for the injuries already done. College v. Bloom, 3 Atk. 262;

Lee v. Alston, 1 Brown, Ch. 194; Pom. Eq. Jur. §§ 231–237; Brooks v. Stolley, 3 McLean, 523, Fed. Cas. No. 1,962; Semou v. Freitag (Ky.) 29 S. W. 320; Consolidated Wyoming Gold Min. Co. v. Champion Min. Co., 63 Fed. 540. And when jurisdiction is thus acquired, the fact that the items of the account are all on one side does not affect the rule. In some of the cases cited above there was no mutuality in the accounts. As already stated, complainant's right to an injunction is sufficient to sustain the jurisdiction of a court of equity, and, in the exercise of such jurisdiction, the court will grant all the relief which the circumstances of the case require.

2. The remaining question is whether or not the bill is multifarious by reason of a misjoinder of parties defendant. "It is impossible to lay down any general rule as to what constitutes multifariousness in a bill in equity. Every case must be governed by its own circumstances, and the court must exercise a sound discretion." Gaines v. Chew, 2 How. 619. In Von Auw v. Fancy Goods Co., 69 Fed. 450, it is said:

"The rule of multifariousness has recently been summed up in Gibson's Suits in Chancery (section 292; quoted in 1 Beach, Mod. Eq. Prac. § 129) in a manner which commends itself to my judgment. He says that to make a bill demurrable for multifariousness it must contain all of the following characteristics: First, two or more causes of action must be joined against two or more defendants; second, these causes of action must have no connection or common origin, but be separate and independent; third, the evidence pertinent to one or more of the causes must be wholly impertinent as to the other or others; fourth, one or more of the causes of action must be capable of being fully determined without bringing in other cause or causes to adjust any of the legal or equitable rights of the parties; fifth, the decree as to one or more of the separate or independent causes must be conclusive against one or more of the defendants, and the decree proper as to the other cause or causes must be conclusive against the other defendants or defendant; sixth, the relief proper against one or more of the defendants on one or more of the separate and independent causes of action must be distinct from the relief proper against the other defendant or defendants of the other cause of action; seventh, the satisfaction of the proper decree by any of the defendants to the extent of his alleged liability on any one or more of the distinct causes of action must not be a satisfaction of a proper decree against the other defendant or defendants on the other cause or causes of action; and, eighth, the multifariousness must be apparent, and the misjoinder of distinct causes of action manifest."

Applying this doctrine to the case at bar, there appear three reasons why the bill is not multifarious: First. The causes of action joined against the defendants have some connection and common origin. A cause of action exists against both defendants to recover the value of certain timber. The timber is the same in both cases. Both causes of action have their common origin in the unlawful cutting and removal of this timber. Second. The evidence pertinent to the cause of action against Guglard is necessary to a recovery from Hamilton of the value of the timber purchased by him from Guglard. Third. Complainant cannot be doubly compensated for the same injury, and the satisfaction of a decree for money against either of said parties would be, pro tanto, a satisfaction of a decree against the other. I hold that Hamilton is a proper party, and that the objection of multifariousness is not well taken. On this point, see Gaines v. Chew, 2 How. 619, and note, and U. S. v.

Flournoy Live-Stock & Real-Estate Co., 69 Fed. 886. Demurrer overruled, and defendant assigned to answer the bill at next rule day.