[Civ. No. 314. First Appellate District.—December 7, 1906.]

## KATE H. HATTON et al., Minors, by Guardian, Respondents, v. J. M. GREGG, Appellant.

INJUNCTION—WASTE—DIGGING UP AND REMOVING TREES AND BRUSH—THREATENED CONTINUANCE.—The entry of the defendant on plaintiffs' land, and cutting down trees and brush thereon, constitutes, without other matter, waste, and an injury to the freehold, and where the defendant threatened to continue such waste, an injunction will lie to restrain him from so doing.

ID.—DEFENSE NOT PLEADED—RIGHTS OF RIPARIAN OWNER.—If it be conceded that a riparian owner has the right to go upon the land of an upper or opposite riparian proprietor, and to cut down willows

and brush bordering on the stream, in order to prevent the collection of driftwood thereon, which would obstruct the channel of the stream, and divert the water from his land to his damage, the facts giving him such right constituted affirmative matter, which must be pleaded by him, when sued to restrain such action as waste; and where he failed to plead it, and merely took issue upon averments of the complaint, which the court found against him, such affirmative matter cannot be considered.

ID.—FINDINGS—PLEA OF STATUTE OF LIMITATIONS—IMMATERIAL OMISSION.—Where the findings for the plaintiff are sufficient to support the judgment restraining threatened waste, and it was proved without contradiction that the acts upon which the action was predicated were committed within three months before the action was commenced, the failure to find upon a plea of the statute of limitations under subdivision 2 of section 338 and section 343 of the Code of Civil Procedure was immaterial, and cannot constitute ground for reversal.

ID.—PRESCRIPTIVE EASEMENT NOT PLEADED—SIMILAR ACTS OF WASTE.— If the defendant intended to claim a prescriptive easement upon plaintiffs' lands, he should have pleaded it; and where he failed to plead such easement, or to plead the appropriate section of the statute, evidence as to a user before suit, for five years, to perform the acts complained of, merely had the effect to show similar acts of waste upon the lands of the plaintiffs.

ID.—COSTS MADE INCIDENT TO JUDGMENT—DISCRETION OF COURT IN EQUITY—AWARD NOT REQUIRED IN FINDINGS.—In a suit in equity, the court has the discretion to make its award of costs to the prevailing party as an incident to its judgment pronounced in open court; and it is not necessary that an award of costs should be incorporated in the findings or conclusions of law.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Dougherty & Lacy, for Appellant.

J. H. Andresen, and Zabala & Wyatt, for Respondents.

HALL, J.—This is an appeal by defendant from a judgment enjoining defendant from destroying plaintiffs' fences on certain described lands of plaintiffs, and also from cutting down, digging up, removing or destroying any willow trees,

brush or undergrowth standing or growing on plaintiffs' said lands.

The lands of plaintiffs involved in this action include the same land in controversy in the action between the same parties and numbered 313, and the appeal in which we have this day determined. The two actions were tried together, and the same point as to the effect of a view of the premises by the judge of the trial court is made in this action as was made in the action No. 313, and for the same reason we hold the point untenable.

Other points are also made by the appellant upon this appeal.

The complaint, among other things, alleges that defendant, at various times in the months of August and September, 1902, cut down, dug up, and destroyed willow trees and brush standing and growing on the lands of plaintiffs bordering on the bank of Carmel river, and threatens to continue so to do. This allegation is followed by others to the effect that the destruction of said trees and brush will weaken the northerly bank of said river, and tend to cause it to be washed away and destroyed, and if it should be washed away the waters of said river would immediately flow onto and over about two hundred acres of plaintiffs' land. The court found in accord with these allegations of plaintiffs' complaint. The principal contention of defendant, other than the one in regard to the effect of the view of the premises by the court, is that no injunction should have been granted against defendant, for the reason that, being an owner of land bordering on the same stream opposite to and below the lands of plaintiffs, he had the right to cut down the trees and brush growing along the stream upon the lands of plaintiffs to remove and prevent obstructions to the flow of the stream.

It is a complete answer to such contention that no such defense was pleaded by the defendant in his answer to the complaint of plaintiffs. Defendant contented himself with denying the ownership by plaintiffs of the lands claimed by plaintiffs, and the destruction by defendant of the trees and brush, and certain other allegations of the complaint. There is not one word in his answer to suggest the idea that he did cut down the trees and brush, or that the removal or cutting down of the trees was necessary, or was done for the purpose of removing or preventing any obstructions to the flow of

the stream, or that he claimed the right so to do for such purpose. If it be conceded for the purposes of this case that a riparian owner has the right to go upon the land of an upper or opposite riparian owner, and cut down trees and brush naturally growing thereon along the bank of the stream to prevent the collection of driftwood, which would obstruct the channel of the stream, and ultimately divert the water therefrom to the damage of such riparian owner, the facts giving such right constitute affirmative matter, which must be pleaded by a defendant sued for cutting down the trees upon plaintiffs' land. (Code Civ. Proc., sec. 437.)

Appellant attacks certain findings of the court, as not supported by the evidence, that defendant had dug up or destroyed any trees, and had enlarged the channel of the stream, and that what defendant did would cause said channel to carry a larger volume of water than usually carried by it, and that the acts performed by defendant would in any manner injure and weaken the bank of the stream and tend to cause it to be washed away and destroyed.

Without discussing the sufficiency of the evidence to sustain each of the findings thus attacked, it is sufficient to say that it was proved, found by the court, and admitted by defendant that he had cut down the trees and brush along the banks of the stream found by the court to be a part of the lands of plaintiffs, and unless restrained by the order of court would continue so to do. This finding justifies, we think, the judgment of the court as regards the cutting down and destruction of the trees and brush, and renders any error, if there be any, as to any of the other findings attacked immaterial.

An entry upon land, and digging up and removing fruit trees growing upon it, is waste and an injury to the inheritance, and are acts which a court of equity may enjoin. (*Silva* v. *Garcia*, 65 Cal. 591, [4 Pac. 628].) In *Natoma Water & Mining Co.* v. *Clarken*, 14 Cal. 544, it was said that: "The cutting, destroying and removing of growing timber on the premises in controversy constituted, without other matter, sufficient ground for the issuance of the writ." To the same effect are *United States* v. *Guglard*, 79 Fed. 23, and *Hicks* v. *Michael*, 15 Cal. 107. A threatened injury to real property in the nature of waste may be restrained. (*Moore* v. *Massini*, 32 Cal. 590.)

4 Cal. App.—35

If the evidence sustains the finding of the trial court upon findings that fully support the judgment, it is immaterial whether other findings objected to are sustained by the evidence or not. (*Spaulding* v. *Bradley,* 79 Cal. 449, [22 Pac. 47] ; *Clavey, Admr., etc.,* v. *Lord,* 87 Cal. 413, [25 Pac. 493].) The cutting down of the trees and brush growing upon the lands of plaintiffs was waste and an injury to the freehold; and as the defendant threatened to continue so to do the court properly restrained him from so doing.

As the defendant pleaded the statute of limitations, and the court made no findings thereon, it is urged that this was error. But it is well settled that the failure to find upon an issue, the finding upon which might have the effect of making erroneous a judgment fully supported by the findings made, is not ground for reversal, unless it be shown that evidence was submitted in relation to the issue sufficient to authorize such a finding as would have the effect to make erroneous the judgment rendered. (*Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504] ; *Rogers* v. *Duff,* 97 Cal. 66, [31 Pac. 836] ; *Sterling* v. *Smith,* 97 Cal. 343, [32 Pac. 320] ; *Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098] ; *Wise* v. *Burton,* 73 Cal. 174, [14 Pac. 683].) In this case it was proved without contradiction that the acts upon which the action was predicated were committed within three months before the action was commenced.

It is true that defendant introduced evidence that for the five years immediately preceding the year 1902 (the year of the trespass and action) he had each year gone upon the lands found by the court to belong to plaintiffs, and cut the trees and brush growing thereon; but if he intended thereby to prove the right to an easement upon the lands of plaintiffs, he had pleaded no such right, nor the appropriate section of the statute. He pleaded subdivision 2 of section 338 and section 343, Code of Civil Procedure, and in the state of the pleadings the only effect of his evidence was to show that on previous occasions he had committed similar acts of waste upon the lands of plaintiffs.

The court did not err to the prejudice of appellant in failing to find upon the plea of the statute of limitations.

It is urged that the judgment is erroneous in that it allows plaintiffs costs in the sum of $50.95, although nothing is said as to costs either in the findings of fact or conclusions of law.

Costs are incident to the judgment, and in equity cases, such as this, may be allowed to the one party or the other in the discretion of the court. In this case the decree allowing costs to the plaintiffs appears to have been signed by the judge of the court in open court. In such a case we know of no rule requiring the court, either in its findings of facts or conclusions of law, to make an award of costs.

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurs.