[No. 6,936.—Department One.]
March 20, 1882.

## PATRICK ROGERS ET AL. v. DAVID MAHONEY ET AL.

MALICIOUS PROSECUTION—PROBABLE CAUSE—INSTRUCTION.—In an action for malicious prosecution the Court in its charge said: "The jury in an action for malicious prosecution are not to determine whether the facts amount to a probable cause; but it is the province of the Court to determine that question. I have determined that question, gentlemen, when I tell you that the very fact that this man was arrested and liberated in the Police Court gave him a right of action."

*Held :* The charge was erroneous, in that the Court determined that the facts mentioned established conclusively want of probable cause.

ID.—ID.—ID.—CHARGE OF COURT—EXCEPTION—PRACTICE.—Defendants' counsel excepted "to that part of the charge about probable cause," reciting the first sentence employed by the Court in treating of the subject.

*Held:* The exception to the portion of the charge objected to was sufficiently specific.

APPEAL from a judgment for plaintiffs, and from an order denying a new trial, in the Twelfth District Court of the City and County of San Francisco. DAINGERFIELD, J.

*John M. Burnett* and *Frederick Hall,* for Appellants.

*B. S. Brooks,* for Respondents.

The COURT:

This cause was heard in Department One of this Court, and its opinion filed March 20, 1882.   (9 Pac. C. L. J. 220.)   Subsequently the Court granted a hearing in Bank, which has been had.   We are satisfied with the opinion of the Department; and for the reasons therein given the judgment and order are reversed, and the cause is remanded for a new trial.

The following is the opinion of Department One, referred to:

After charging at some length, the Court proceeded: " The jury, in an action for malicious prosecution, are not to determine whether the facts amount to a probable cause; but it is the province of the Court to determine that question.   I have determined that question, gentlemen, when I tell you that the very fact that this man was arrested and liberated in the Police Court gave him a right of action," etc.

There was such conflict in the evidence as left it proper that the question of the existence of the facts on which the want of probable cause depended should be passed upon by the jury, *unless* the Court below was correct in holding that the bare facts that the woman (called *man* in the instruction) was " arrested and liberated " in the Police Court gave her a cause of action.   The charge was erroneous, in that the Court determined that the facts mentioned established conclusively want of probable cause.   The rule as laid down by the Court would certainly simplify the trial of this class of actions.   If correct, the law might be thus formulated: First, where plaintiff has been arrested, charged with an offense, and *convicted*, his action for malicious prosecution will not lie; second, where he has been arrested, charged, and discharged, and these facts are proven to the satisfaction of the Court, the case of plaintiff in an action for malicious prosecution is made out, because *malice* may be inferred from want of probable cause.   It needs but to state the second position to show that it can not be successfully maintained.

The exception to the portion of the charge objected to was sufficiently specific under the rule laid down in *Hicks* v. *Coleman*, 25 Cal. 146 ; *Sill* v. *Reese*, 47 id. 348; and *Robinson* v. *W.*

*P. R. R. Co.*, 48 id. 409. The whole charge can not be excepted to generally. The exceptions should be sufficiently specific to call the attention of the Court to the alleged error. Here the counsel excepted " to that part of the charge about probable cause," reciting the first sentence employed by the Court in treating of that subject. We think this was enough.

Judgment and order reversed, and cause remanded for new trial.