.Sarah A. Richey et al. v. Cyrus L. Brown.

*License by minor to remove timber—Trespass.*

A minor son, occupying land as tenant-in-common with his mother and sister, has no right in himself, without their authority, to give, sell or otherwise transfer the timber on the land to a stranger or assent to his entry on the land to remove it. And for such entry the tenants-in-common can maintain trespass.

Error to Ionia. (V. H. Smith, J.) Nov. 3.—Nov. 11.

Trespass. Plaintiffs bring error. Reversed.

*Webster & Millard* for appellants.

*Lemuel Clute* for appellee.

Sherwood, J. The plaintiffs in this case live in the township of North Plains, in the county of Ionia. Sarah A. Richey is the widow of the late Thomas W. Richey who died in 1881, and the other defendants are their children; William H. and Carrie A., being minors, who join in the prosecution of this suit by their mother as next friend. In the year 1883 the plaintiffs all resided on a farm of forty acres of land, which they owned and occupied in common, the children living with their mother thereon. William took charge of the farm-work, and with the mother and sisters carried on the farming. Upon the farm was a quantity of valuable standing timber. The defendant owned a farm adjoining plaintiffs' land, and in January, 1883, without the knowledge of the mother or sisters, he went to the plaintiff William, who was then about seventeen or eighteen years

old, and obtained leave from him, and without any considera-
tion whatever, to cut and carry away from the plaintiffs'
land forty-two trees, principally oak and black ash, making
logs about thirty feet long. Mrs. Richey and her daughters
first learned of the defendant's doings in the premises just as
he drove away with the last load of logs, and as soon there-
after as she could see him and his servants notified him to
keep off the land and cease his trespasses. Neither of the
plaintiffs except William knew of the cutting of the timber
until after it was done, and never authorized any person to
give their consent to the cutting or removal of any portion
thereof, and very soon thereafter brought this suit to recover
the plaintiffs' damages. The declaration is in trespass con-
taining three counts. The plea was the general issue, with
notice that the acts complained of were licensed by the
plaintiff William H. Richey. A trial was had in the Ionia
circuit before a jury, and the verdict was directed for the
defendant by the circuit judge. This direction was excepted
to by counsel for plaintiffs, and this exception raises the only
question necessary to be considered here.

We think the circuit judge erred in his ruling. The young
man from whom the defendant claims to have obtained per-
mission to commit the wrongful acts complained of was a
minor and tenant-in-common with his mother and sisters of
the property, and without any authority from them, or right
in himself, to make a gift or sale or other transfer of the
timber to the defendant, or to give a valid assent to the entry
of the defendant upon the premises for any such unlawful
purpose. William's acts and doings in the premises were
clearly prejudicial to his own rights and interests, and were
void under all the authorities, and the testimony tends to
show that advantage was taken even of the license which it
it claimed he gave. Schouler's Dom. Rel. (3d ed.) § 403;
*Adam v. Briggs Iron Co.* 7 Cush. 361, 368, 370; *Fonda v.
Van Horne* 15 Wend. 631; Tyler on Infancy & Coverture (2d
ed.) 43; 1 Story's Eq. Jur. § 241; Bing. on Infancy 9; *Keane
v. Boycott* 2 H. Bl. 511; *U. S. v. Bainbridge* 1 Mas. 72; 2
Kent's Com. 193; 1 Bing. Real Prop. 139; *Oliver v. Wood-*

*roffe* 4 M. & W. 653; *Chandler v. McKinney* 6 Mich. 217; *Dunton v. Brown* 31 Mich. 182; *Soper v. Fry* 37 Mich. 236; *Barker v. Hamilton* 3 Col. 291.

The case shows the defendant's utter disregard of the rights of this widow and her children, which the law secures to them, and which it is the duty of the court to enforce and protect. Further discussion of the case would be without profit.

The judgment must be reversed and new trial granted.

CAMPBELL and CHAMPLIN, JJ. concurred. MORSE, C. J. did not sit.