## KETCHUM v. BARBER.

### No. 11,423; August 31, 1886.

#### 12 Pac. 251.

**Deed—Description of Grantee.—A** Deed to Henry Stull & Co. vests the legal title in Henry Stull alone, and his deed will give to his grantee a good and valid title.

**Ejectment—Proof of Ouster—Admissions in Pleadings.—In** ejectment, if the defendant in his answer admits acts amounting to an ouster, but denies plaintiff's title or right to possession, plaintiff is not bound to prove ouster, and, if he prove title and right to possession in himself, is entitled to recover.

APPEAL from Superior Court, County of Amador.

Ejectment for possession of a certain mining and water ditch running across defendant's lands. Plaintiff claimed title through one Henry Stull, who in turn derived, or claimed to derive, title from defendant by virtue of a deed made to Henry Stull & Co. Defendant in his answer admitted having given to Stull & Co., a right to dig and maintain the ditch, but claimed that it had been abandoned, and admitted that hence he had re-entered upon and used the ditch continuously to the time of trial. On the trial, plaintiff, to make out his title, introduced the deed to Stull & Co., in evidence, and also put in evidence the deed from Stull to himself, and proved by witnesses the possession thereunder of himself and Stull, and closed. Defendant moved for a nonsuit on the

ground that plaintiff had neither proven title nor possession in himself, nor ouster by defendant. The nonsuit was granted and plaintiff appealed.

Eagon & Armstrong for plaintiff and appellant; McGee & Farnsworth for defendant and respondent.

By the COURT.—The nonsuit was improperly granted. The deed to Henry Stull & Co. vested the title in Henry Stull: Winter v. Stock, 29 Cal. 411, 412, 89 Am. Dec. 57. The answer shows a sufficient ouster.

Judgment reversed and cause remanded for a new trial.