[No. 9946. Department Two. — May 19, 1888.]

DAMIE COCKRILL, Appellant, v. HENRY HALL, Respondent.

Appeal — Order Refusing New Trial — Omission of Notice of Intention from Record — Stipulation to Correctness of Statement — Presumption of Giving Notice. — When the record on appeal from an order refusing a new trial contains no notice of intention to move for the new trial, and the statement does not recite that such notice was given, the fact that the respondent, without objection, stipulated to the correctness of the statement, and that the motion appears to have been decided on its merits, raises the presumption either that a proper notice of intention was given, or that it was waived.

Id. — Several Attorneys of Record — Firm of Attorneys — Notice of Appeal may be Signed by One. — Where an appellant has two attorneys of record in the lower court, or a firm of attorneys, either one of the two, or either member of the firm, may sign the notice of appeal.

Instructions — Exception must be Specific. — An exception to the oral instructions to the jury will not be reviewed unless specifically directed to some particular portion thereof. An exception "to each and every part, and to the whole," of the instructions, is too general.

Jury — Taking Documents to Jury-room — Promissory Notes Referred to in Deposition. — Promissory notes offered in evidence, after being identified and proved by testimony contained in a deposition, are not parts of the deposition, within the meaning of section 612 of the Code of Civil Procedure, prohibiting the jury from taking depositions with them when retiring for deliberation.

Evidence — Impeachment of Witness. — A witness cannot be discredited by asking him if he had not been impeached as a witness upon the trial of another action.

Id. — Reinstructions to Jury — Refusal of Particular Instruction. — After retiring for deliberation, the jury returned into court and asked instructions upon a particular point. The court directed them to follow the instructions already given. The plaintiff thereupon requested the court to read the particular instruction covering the matter. The court refused so to do, but expressed a willingness to read the entire instructions if the jury so desired. The foreman of the jury thereupon stated that they had no such desire. Held, that the failure to read the particular instruction was not error.

Appeal from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

After the jury had retired for deliberation, they returned into court and asked the judge what they should do with the old notes, referred to in the opinion. The

court replied: "They are in evidence; you are to determine that, under the instructions which I have given you." The plaintiff then moved the court to read the particular instructions, touching the matter, to the jury. The court refused to do this, but expressed his willingness to read the whole of the instructions if the jury so desired. The foreman of the jury thereupon stated that they had no such desire. Upon again retiring for deliberation, a verdict was rendered in favor of the defendant. The further facts are stated in the opinion.

*Henley & Oates*, for Appellant.

*McGee & Barham*, and *G. A. Johnson*, for Respondent.

FOOTE, C.—This is an action based upon alleged deceit practiced upon the plaintiff, to her damage, by the defendant, and is brought under the provisions of sections 1709 and 1710 of the Civil Code.

It is alleged in the complaint that the defendant had executed, for value received, a promissory note to the plaintiff, in renewal of another note, and that it was about to become barred by the statute of limitations; that, pretending he wanted to have a calculation made, and renew the note with security thereon for the sum of money due, the defendant got possession of it from the plaintiff, not intending to renew it, and that while in his possession under the false promise thus made, the note became barred by the statute of limitations, and the defendant refused, upon demand made, to pay it, although solvent at that time.

The defendant denied that he practiced any deceit, claimed that the note was already barred by the statute of limitations when he obtained possession of it, and that it was not valid against him, as he had already overpaid what he owed the plaintiff before he made and executed it, which he claimed to have done under a misapprehension of his rights.

The case was tried before a jury, who returned a verdict for the defendant; from the judgment thereupon given and made, and an order denying a new trial, the plaintiff has appealed.

The record contains no notice of intention to move for a new trial, nor does the statement on that motion recite that any such notice was given.

But the defendant's attorney not only accepted the draught of the statement without any opposition, and at no time objected in the court below to the consideration or settlement of the statement on the ground that proper notice of intention to move for a new trial had not been given, but also signed the statement stipulating, in the same manner as did the attorneys for the plaintiff, that it was "a full and correct statement in said cause."

The court who heard the motion does not appear to have proceeded upon the idea that there was any supposed absence of a proper notice of intention, but seems to have determined the motion upon the questions presented by it. Under all these circumstances, it is hardly possible but that there was either a proper notice of intention given, or that the defendant or his attorney had waived it, and agreed to the hearing of the motion upon its merits. (*Girdner* v. *Beswick,* 69 Cal. 119.)

The notice of motion must be made to appear as part of the record by a statement or bill of exceptions, "or in some appropriate mode." "If it had appeared that the respondent had proposed amendments to the proposed statement without reserving proper objection, the notice of motion would have been waived." (*Dominguez* v. *Mascotti,* 74 Cal. 269.)

Here no amendments were proposed by the respondent without reserving proper objections, but he stipulated that the statement was full and correct, and made no sign of objection to it. It must be presumed, therefore, that he had no objection, and urged none, to the motion being heard upon the questions raised by it,

irrespective as to whether the notice of intention therefor had been properly given, or the contrary.

It is objected to the consideration of this appeal, that the attorneys of record in the court below were Whipple and Oates, and that the attorneys who gave the notice of appeal were Henley and Oates, and that the transcript does not show any substitution of the latter.

But we think that where a party has two attorneys of record in the court below, or a firm of attorneys, either one of the two or either of the firm may sign the notice of appeal. The records of the court show that such is the practice, and while there may be technical objections that can be made to it, a contrary rule would upset numerous appeals that have been taken in good faith.

The exception taken to the oral charge of the court to the jury, given of its own motion, is in this language: "To each and every part and to the whole of said instructions the plaintiff duly expected."

This was nothing more than an exception taken to the whole charge of the court, without bringing to its attention any special point where error was claimed to have been committed. Nor does it appear at what time during the course of the trial the oral charge was given to the jury. It has been said heretofore by this court: "Exceptions to the oral charge ought to point out the specific portions excepted to and be made at the time, in order that the judge may have an opportunity before the jury retires to correct any error he may have inadvertently fallen into in the hurry and perplexities of the trial." (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 425; *Rider* v. *Edgar*, 54 Cal. 130.)

"The exception should be sufficiently specific to call the attention of the court to the alleged error." (*Rogers* v. *Mahoney*, 62 Cal. 613.)

Tested by the rules thus laid down, the exception was insufficient, and should not be considered here.

Nor do we perceive wherein the court erred in giving, refusing, or modifying any of the instructions asked for by either side to the controversy. The law as given to the jury seems fully and fairly to present for their consideration the material issues made by the pleadings, based upon the evidence before them.

It is further contended that the court below erred to the prejudice of the plaintiff in permitting certain promissory notes, which were alleged to be attached to a deposition, to be detached therefrom and taken out by the jury while making up their verdict.

The notes referred to were all before the jury as evidence, and one of them was offered separately from the deposition by the plaintiff as proof of certain matters, and the other notes seem not to have been glued to the deposition.

We think that the notes were not parts of the deposition within the meaning of section 612 of the Code of Civil Procedure. If the witness had been produced and had identified the notes, and proved their execution and given their history, and they were thereupon admitted in evidence, it could not be contended that they were part of the testimony of the witness. They could in such case be taken by the jury upon retiring. And, similarly, we think that they are not parts of the deposition, although it proved certain matters concerning them.

The effort to discredit Stewart by asking him if he had not been impeached as a witness upon a trial of a cause other than the one in which he was then testifying, was properly checked by the court upon the defendant's objection. A witness cannot be called upon thus to discredit himself, except in the mode prescribed by the statute. (Code Civ. Proc., secs. 2051, 2052, 2061, 2066.)

The point is made that the court erred in not acceding to the plaintiff's request to have reread to the jury a portion of the instructions touching a special point. The court informed the jury that if desired he would read to

them all the instructions. On their part the foreman stated that such was not their desire. In this we perceive no ground for complaint against the court.

No prejudicial error appearing in the record, we advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.