## MOORE v. MOORE et al.

### No. 14,337; August 31, 1893.

#### 34 Pac. 90.

Ejectment—Specification of Error.—In an action in the nature of ejectment, a specification of error that "the evidence showed that defendant M. was not in possession of said premises, or of any part thereof, at the time of the commencement of this action," is insufficient.

Ejectment—Possession—Evidence.—In an action in the nature of ejectment, where the evidence tends to prove that defendants were in possession of the premises when the action was commenced, an answer denying plaintiff's title and right of possession is sufficient evidence of ouster.

Cotenancy—License by One Tenant to Enter.—A tenant in common cannot, as against his cotenant, give a license to a third person to enter on the land held in common.

Instructions.—An Exception Reading, "To Said Oral Instructions, and each and every part thereof, and to the giving thereof by the court, the defendant then and there duly excepted," is too general.

Ejectment by Widow to Recover Homestead.—In ejectment by a widow against her husband's administrator for premises which had been set apart by order of court as a homestead to plaintiff and her minor children, absolutely, it appeared that, from the time of defendant's appointment as administrator till the homestead was set apart, defendant collected the rents of the premises, and paid taxes; that two months thereafter plaintiff demanded possession of him, which, she testified, he refused to give; that in his verified statement to the tax collector he included this homestead property; and that he leased part thereof to another. Held, that the evidence justified a verdict that defendant was in possession when the action was commenced.

Ejectment—Landlord as Party Defendant.—Where a defendant in ejectment is in possession of any part of the premises as tenant of another, it is proper to join the latter as party defendant.

APPEAL from Superior Court, Santa Cruz County; James F. Breen, Judge.

Action by Helen M. Moore against Thomas W. Moore and Leonard T. Almstead. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Spalsbury & Burke, Joseph N. Skirm and Warren Olney for appellants; Charles B. Younger for respondent.

VANCLIEF, C.—Action in the nature of ejectment to recover possession of an undivided half of a parcel of land situate in the county of Santa Cruz, and containing about thirty-five acres, which plaintiff claims as a probate homestead. It is alleged in the complaint that the plaintiff is the owner, and entitled to the possession, of the demanded premises; that defendants are in possession, and wrongfully withhold the possession from the plaintiff; that the rents and profits of the land have been and are of the value of $480 per year; and that the plaintiff has sustained damages in the sum of $2,300 by reason of the detention and withholding of the possession. Prayer that plaintiff may recover the land, with rents, profits, and damages. The separate answers of the defendants each "denies that plaintiff is, or ever was, the owner, or entitled to the possession, of an undivided one-half of the real estate described in said complaint, or any part thereof," and specifically denies every other allegation of the complaint, except that it is admitted that the value of the rents and profits have been one dollar per year. The jury returned a general verdict for the plaintiff, and assessed the damages at $847, upon which judgment was rendered in favor of the plaintiff. Defendants appeal from the judgment, and from an order denying their motion for a new trial.

The plaintiff is the widow of William H. Moore, deceased, who left surviving him four minor children by a former marriage, and a son by his marriage with plaintiff was born after his death, and named William H. Moore. The defendant Thomas W. Moore is a brother of the deceased, and administered upon his estate. On the petition of the plaintiff, filed after the birth of her son, William H. Moore, the demanded premises were set apart from the separate estate of her deceased husband by the probate court, as a homestead for the use of the widow and three of said minor children, namely, Charles Moore and Stella Moore, children of the former marriage, and William H. Moore, the son of plaintiff. The order setting apart the homestead was made April 26, 1881, and apportions the homestead as follows: "The undivided one-half part thereof to said widow, Helen M. Moore, and the un-

divided one-sixth thereof to each of the said minor children of the deceased, to wit, Charles Moore, Stella Moore, and William H. Moore.'' The effect of this order was determined in the case, Estate of Moore, 96 Cal. 522, 31 Pac. 584, in which it was held that conceding the order to have been erroneous, in that it did not limit the duration of the homestead as required by section 1468 of the Code of Civil Procedure, yet, as there had been no appeal from it within the time limited by law, it was not void, and passed absolute title to the widow and the children named, so that the homestead was not subject to distribution on the settlement of the estate. The defendant Thomas W. Moore was a party to that appeal. It appears that Charles Moore was fourteen years of age at the time the petition for homestead was filed (August 2, 1877), and consequently became of age sometime in 1884. The homestead has upon it a large and a small dwelling-house, a barn and other outhouses, and an orchard, besides a field of about twenty acres.

1. It is contended for appellants that the evidence is insufficient to justify the verdict that defendants were in possession of the demanded premises at the time of the commencement of the action, and also insufficient to justify a verdict for any damage whatever. The only specifications of deficiency of evidence as to the possession of the defendants are the following: ''The evidence showed that the defendant Thomas W. Moore was not in possession of said premises, or any part thereof, at the time of the commencement of this action,'' and a similar specification as to the defendant Almstead. This is not a specification of any particular in which the evidence is insufficient to justify the verdict, nor it is substantially equivalent to such specification. In the absence of the specification required by section 659 of the Code of Civil Procedure, the respondent was not required to bring into the statement all the evidence applicable to the issue as to the possession of defendants, nor can it be presumed that the statement contains all such evidence unless it purports to contain all the evidence in the case, which this statement does not. Yet, while I think respondent's point that the specification is insufficient is well taken, it appears that the evidence contained in the statement is amply sufficient to justify the verdict that defendant Almstead was in possession at the

time the action was commenced. The defendants, in their testimony, admitted that defendant Moore, as administrator, verbally leased to defendant Almstead the land of the estate adjoining the homestead from October 1, 1884, to October 1, 1885, and again from October 1, 1885, to October 1, 1886. It was proved and admitted by·Almstead that during those two years he cultivated the twenty-acre field on the homestead, and that his employees occupied the small dwelling and other outhouses; but he and his codefendant, Moore, denied that the latter leased to him any part of the homestead, although two witnesses (Hoff and Bennett) testified that during the years 1885 and 1886, while they were working for him upon the homestead, he told them, severally, at different times, that he had rented the homestead, except the big dwelling-house, from defendant Moore. As to the possession of the defendant Moore at commencement of the action, the evidence is not so clear, yet, I think, tended to prove it. It is not controverted that, from the time of his appointment as administrator (March 4, 1872) until the·order setting apart the homestead (April 26, 1881), he had at least constructive possession of all the decedent's real estate, including the homestead, and it appears that he collected the rents and paid the taxes during that period. He contested the application for the homestead, the plaintiff not being in possession at the time the application was made, nor at any time since. A part of the order setting apart the homestead is as follows: ''It is hereby further ordered and adjudged that the administrator of said estate of William H. Moore, deceased, deliver the possession of the said homestead above described to Helen M. Moore, the petitioner herein.'' It is admitted that about two months after the order the plaintiff made both written and oral demand of the administrator for possession of the homestead, and she testified that upon such demand he expressly and emphatically refused. She said: ''I asked said Thomas W. Moore if he would deliver me possession of the homestead. He said he would be damned if he would do it.'' He denied this, saying he only refused to deliver the personal property. In his verified statement to the county assessor of property in his possession in the years 1884 and 1886, subject to taxation, he included the land constituting the homestead. I think the testimony, and circumstantial evidence also, tended to

13

prove that he leased to the defendant Almstead so much of the homestead as the latter cultivated and occupied. It was not necessary to constructive possession that the administrator should have personally resided upon or cultivated the homestead: Barstow v. Newman, 34 Cal. 90. And constructive possession of a defendant in ejectment is sufficient to entitle a plaintiff to recover in that form of action: Crane v. Ghirardelli, 45 Cal. 235. And if the defendant Almstead was in possession of any part of the homestead, as a tenant of the administrator, the latter was properly joined as a party defendant: Code Civ. Proc., sec. 379; Oakland Gaslight Co. v. Dameron, 67 Cal. 663, 8 Pac. 595. As to the alleged insufficiency of the evidence to justify the verdict for damages, the specification is sufficient, but in that particular the evidence appears to be sufficient. Two witnesses testified that the rental value of the premises was from $25 to $30 per month, and one that it was $35 per month, and the evidence tended to prove that the possession was withheld more than two years.

2. At request of plaintiff's counsel, the court gave ten written instructions to the jury, to each one of which counsel for defendants objected, without stating any ground for the objection, and excepted to the ruling of the court in overruling their objections, the objection and exception to each instruction being as follows: "To the giving of which said instruction to the jury said defendants objected, which objection was overruled by the court, and said instruction was given by the court to the jury, to which ruling of the court the defendants then and there duly excepted." The statement on motion for new trial specifies, as an error in law, the giving of each of the ten instructions, without stating in what the error consists. There is nothing in the record indicating that the ground of objection to any one of the instructions was that it was not applicable to the evidence, nor that the evidence was not sufficient to justify the verdict in respect to the possession of the defendants, yet, upon this ground alone, it is contended for appellants that the ninth of said instructions is erroneous, which is as follows: "Each of the defendants, in his several answer in this action, denies that the plaintiff is or ever was the owner, or entitled to the possession, of an undivided one-half of the real estate described in the complaint, or of any part thereof. Such denial

was an ouster of plaintiff, and did away with occasion for a demand of possession.'' Assuming that the evidence tended to prove the defendants were in possession of the demanded premises at the time the action was commenced (which I think should be presumed, in the absence of any specification of insufficiency of the evidence to prove it, even though such evidence were not to be found in the record), the answers of the defendants, denying the plaintiff's title and right of possession, afford sufficient evidence of an ouster: Ketchum v. Barber (Cal.), 12 Pac. 251 (not officially reported); Marshall v. Shafter, 32 Cal. 177; Payne v. Treadwell, 16 Cal. 220.

The following is the tenth instruction given at the request of the plaintiff: ''If the land described in the complaint is the same land described in the order setting apart the homestead to Helen M. Moore and the minor children of W. H. Moore, deceased, then the right to the possession of the homestead was in said plaintiff and the said children, and none of the children named in said order could give any right to any person to occupy any part of said homestead, as against said plaintiff.'' This instruction was objected to in the same form as was the ninth, no ground of objection being stated. The ground of objection here stated for the first time is founded upon evidence tending to prove that the defendant Almstead occupied and cultivated the homestead by express license from Charles Moore, who, it is claimed, was a tenant in common with plaintiff in the homestead, to the extent of one-sixth thereof, by virtue of the order setting it apart. It is contended that, inasmuch as Charles Moore was then twenty-one years of age, his bare license or permission to Almstead to enter, occupy, and cultivate the homestead, as he did, conferred upon the latter a right to do so, as against the plaintiff; that such license is a complete defense to this action, so far as Almstead is concerned; and, consequently, that the tenth instruction is erroneous, in that it instructs the jury that ''none of the children named in said order [setting apart the homestead] could give any right to any person to occupy any part of said homestead, as against said plaintiff.'' Conceding that Charles Moore was a tenant in common, as claimed, it is well settled that the instruction is correct. ''No action of a portion of several tenants in common can impair the right of their cotenants'': Mahoney v.

Van Winkle, 21 Cal. 553 (per Field, C. J.); Freeman on Cotenancy, sec. 172, and cases there cited. Other objections are made to some of the ten instructions, given at the request of plaintiff's counsel, for which, however, I find no valid ground in the record.

3. Besides the ten written instructions given at request of the plaintiff, the court gave about an equal number of oral instructions occupying about five pages of the printed transcript. To these defendants excepted in the following language, and not otherwise: "To which said oral instructions, and each and every part thereof, and to the giving thereof by the court, the defendants then and there duly excepted." This was too general (Sill v. Reese, 47 Cal. 296–348; Rider v. Edgar, 54 Cal. 127; Cockrill v. Hall, 76 Cal. 192, 18 Pac. 318), and for this reason the oral instructions will not be reviewed on appeal. I think the judgment and order should be affirmed.

I concur: Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.