## LOVE v. ANCHOR RAISIN VINEYARD CO.

### S. F. No. 256; August 21, 1896.

#### 45 Pac. 1044.

**Appeal.—A Specification of Insufficiency of Evidence,** "that the evidence clearly showed that the total amount due . . . . was not the sum of ————, but was the sum of ————, and no larger or greater sum whatever," is insufficient.

**Corporations.—Notice to One Who is Secretary, Bookkeeper** and director of a corporation, that a note given by it had been assigned, is notice to the corporation.

*Corporations—Declarations of President.*—In an Action by the Assignee of a note given by a corporation to its president, declarations of the president as to the amount due at the time of the transfer are not admissible against the corporation.

*Appeal.*—An Exception, "To Which Said Charge, and the whole thereof, defendant then and there duly excepted," is not sufficiently specific.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Louisa P. Love against the Anchor Raisin Vineyard Company, a corporation. Judgment for plaintiff. Defendant appeals. Affirmed.

C. F. Hanlon for appellant; Thos. A. McGowan for respondent.

SEARLS, C.—This is an action to recover upon a promissory note, made by the corporation defendant August 4, 1892, for $6,261.29, payable one day after date to the order of John Conly, in gold coin, with interest at eight per cent per annum, and indorsed by the payee thereof to plaintiff. Plaintiff had a verdict for $5,532.38, upon which verdict judgment was entered. Defendant appeals from the judgment, and from an order denying its motion for a new trial.

The evidence embodied in the statement on motion for a new trial shows that the note was indorsed to the plaintiff herein after maturity, viz., on October 4, 1893. Plaintiff, in her complaint, admitted the payment of certain sums of money to Conly on account of the note, and at the trial it was shown and admitted that those payments amounted to $1,687.55. They were indorsed upon the note, and tallied with a ledger account of defendant in evidence, in which, under bills payable, the note was entered as a liability in favor of the payee, Conly, and the several payments credited to defendant in said account on account of money, etc., paid to said Conly. This is all plain and simple, and the verdict of the jury is founded on this basis. Defendant, however, produced another account, kept with Conly personally, in which he stands charged with a balance of, say, $2,667.80, which defendant claims should have been deducted from the balance due on the note, thus reducing the verdict by that amount. We will refer hereafter to this individual account

with Conly, and to the circumstances which probably act-
uated the jury in concluding that it was not entitled to be
treated as a payment on the note.

Upon the close of the testimony the court instructed the
jury, in part, as follows: ''Gentlemen of the jury: This is
a question of accounting and bookkeeping. You have heard
the evidence in this case, and you will have to ascertain from
it, as best you can, the amount of money that is due to the
plaintiff here. That the defendant owes the plaintiff is ad-
mitted by the defendant; but the question is, how much?
The defendant claims that the amount claimed by the plain-
tiff is excessive, and that it is entitled to certain credits
thereon, in consequence of demands which they had as against
John Conly, who was the payee of the note transferred to the
plaintiff. If you would find from the evidence that any of
these items which counsel have called to your attention were
designed and intended at the time to have been payments on
account, or to the credit of the note, and that such items were
agreed upon and determined before the date of the indorse-
ment of the note to the plaintiff, which was October 4, 1893,
they would be entitled to have them credited upon the amount
due upon the note—principal and interest. If you should
conclude that they are not entitled to any of these credits,
then it would be your simple duty to ascertain the amount
of principal and interest due, after deducting the amount
of the cash payments which are contained on the back of the
note.'' The propriety of this instruction depended upon
the evidence in the case. That evidence tended to show:
(1) That from the formation of the corporation up to, say,
December, 1893, John Conly was president, director, general
manager and a large stockholder of the defendant. (2) That
during 1892 and 1893 A. S. Neal was secretary of the cor-
poration defendant. (3) That, John Conly, the president,
had advanced money to the corporation until on August 4,
1892, the corporation was indebted to him in the sum of
$6,261.29, for which sum the note in question was given, and
the account balanced upon the corporation books; the note
being entered in the account of bills payable, and the sums
as credited on the back of the note being charged in said last-
mentioned account. (4) Plaintiff, being aware that the note
was overdue, and hence that any payments thereon were lia-
ble to be offset against the note, on or about the date of the

transfer to her, and before such transfer, applied, through her husband, James Love, to A. S. Neal, the secretary of the defendant, to know if the indorsements on the note constituted all the offsets thereto, and was informed that they did, except that there might be one or two small payments not indorsed; that the amount due was about $5,000; that he and Conly had compared it recently, and found it exact. Two payments, aggregating $250, were not then on the note, but were indorsed thereon subsequently. (5) Defendant had notice of the transfer of the note to plaintiff on the 4th or 5th of October, 1893. (6) The individual account of Conly with defendant on the 4th day of October, 1893, the date of the assignment of the note to plaintiff, showed a balance in favor of said Conly amounting to some $1,143.86. This balance occurred in this wise: Sometime in 1892 a resolution was passed by the directors of defendant allowing Conly a salary of $100 per month, as general manager, from the organization of the company, which salary on the thirty-first day of July, 1893, aggregated $3,416.66, which sum was placed to his credit in the books of the company. After the transfer of the note to plaintiff, and on the fifteenth day of October, 1893, the directors of defendant, with the consent of Conly, passed a resolution rescinding the resolution to allow said Conly a salary of $100 per month, and the sum of $3,466.16 so standing to his credit was charged back to him; thus leaving a balance in favor of the corporation, which, together with $420 charged him in December, 1893, on account of two assessments, aggregated $2,119.80. The reasons given by defendant for the rescission of the resolution allowing a salary to Conly were: (1) That there was an understanding with the stockholders of defendant that all of its officers should serve without pay. (2) That the resolution allowing the salary was passed when but three directors were present. It does not appear, so far as we have discovered, of how many directors the board consisted. The minute-book of defendant was missing, and was claimed to have been lost. Under these circumstances, we are not surprised that the jury failed to credit defendant with the balance thus shown in its favor. It looked too much like an effort, after the transfer of the note, to saddle upon the plaintiff an offset not justly chargeable to her, and which defendant had not intended to so charge until after the

transfer of the note. In view of the testimony, the instruction of the court to the jury was proper.

We have thus stated in a general way the tenor of the evidence, and its sufficiency to support the verdict. In strictness, however, the specifications of the insufficiency of such evidence, as contained in the statement on motion for a new trial, are so indefinite that they might well have been disregarded. There are some eleven specifications in reference to the evidence. One will serve as a sample of all the others: "(1) That the evidence clearly showed that the total amount due by defendant to plaintiff on the date thereof was not the sum of $5,532.38, but was the sum of $2,520.48, and no larger or greater sum whatsoever." This form of specification is clearly insufficient: Adams v. Helbing, 107 Cal. 298, 40 Pac. 422; Moore v. Moore (Cal.), 34 Pac. 90; Spotts v. Hanley, 85 Cal. 165, 24 Pac. 738; Eddelbuttel v. Durrell, 55 Cal. 279; Hayne on New Trials, sec. 150; Parker v. Reay, 76 Cal. 105, 18 Pac. 124.

The second point made by appellant for reversal is that the defendant had no notice of the transfer of the note until suit brought. The learned counsel overlooks the testimony of James Love, who testifies that he notified Neal, the secretary, bookkeeper and a director of defendant, of the transfer of the note to plaintiff on the 4th or 5th of October, 1893, immediately after the taking of the note. This was a sufficient notice: Thomp. Corp., sec. 5195.

We think the court erred in admitting the declaration of Conly that there was $5,000 due upon the note at the date of its transfer to the plaintiff. It is true that he was president of the corporation defendant, and, under ordinary circumstances, his admission would bind the defendant, made within the scope of his authority. But as payee of the note, about to make a sale of it, his interests were antagonistic to defendant, and his declarations would not be binding upon the defendant. We are of opinion, however, that this error does not call for a reversal. The note showed for itself what was due, after deducting the indorsements. Defendant's secretary testified that there was due on the note October 4, 1893, the sum of, say, $4,603.53, without interest, and the interest up to that date was some $517.33, thus bringing the amount up to, say, $5,091.27. Defendant's books showed the same thing, and the only question really in dispute was

as to the right of defendant, under the circumstances hereinbefore stated, to offset the individual demand against Conly. Plaintiff's calculation showing the amount due on the note, and defendant's claim for the amount of its demand against Conly, were not only admitted in evidence without objection, but both of them were, by consent of counsel, submitted to the jury for their consideration. Under these circumstances, the error complained of was harmless: Burnett v. Lyford, 93 Cal. 115, 28 Pac. 855; Silvarer v. Hansen, 77 Cal. 584, 20 Pac. 136; Duffy v. Duffy, 104 Cal. 605, 38 Pac. 443.

We need not again refer to the charge given by the court, upon its own motion, to the jury, or to the strictures thereon, for the reason that the only exception thereto is as follows: "To which said charge, and the whole thereof, defendant then and there duly excepted." This was general, and not sufficiently specific to call the attention of the court to the portions thereof now assailed: Rogers v. Mahoney, 62 Cal. 611; Frost v. Creamery Co., 102 Cal. 525, 36 Pac. 929; Moore v. Moore (Cal.), 34 Pac. 91; Cockrill v. Hall, 76 Cal. 192, 18 Pac. 318; Sukeforth v. Lord, 87 Cal. 399, 25 Pac. 497. Upon the whole case, as presented, we recommend that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.