CASE 76.—ACTION FOR BREACH OF CONTRACT.—MAY

# Nevels & Others v. Kentucky Lumber Co.

APPEAL FROM PULASKI CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

TENANCY IN COMMON—SALE OF LOGS BY CO-TENANT—REFUSAL OF BUYER TO RECEIVE.

Held:    1. One of several tenants in common can not cut and sell logs from the land without consent of his co-tenants, so as to devest them of their interest.

2. Where co-tenant attempts to sell logs cut from the land without consent of co-tenant, the buyer may refuse to receive the logs upon the ground that he has not title.

G. W. SHADOAN, ATTORNEY FOR APPELLANT.

1. The only question for the court to decide is whether one joint tenant, or tenant in common can sell timber, growing on the land owned in common by all the tenants, without the consent of his co-tenants. Our contention is, that such a sale is valid. Petit v. Marble, 13 Law Rep., 780.

O. H. WADDELL, ATTORNEY FOR APPELLEES.

1. A sale by one joint tenant will not divest another joint tenant of his interest in the common property, unless he has been duly

authorized to make such sale, or unless the sale was duly ratified by the other tenant. Freeman on Judgments, sec. 249; 11 Am. & Eng. Ency. of Law, pages 1090, 1095, note 5; Murray v. Haverly, 70 Ill., 313.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellants made a contract with appellee to get out for it 500 poplar logs, to be delivered in Big South Fork, or Little South Fork, or Big Sinking Creek, in Pulaski county, by the 1st day of September, 1893, and to be there received and measured by appellee. It was a part of the contract that when as many as 100 logs were ready appellee was to receive and pay for them. Appellants got out a number of logs, and called on appellee to receive them, but when it was about to do so it received notice that the logs were not the property of appellants, and declined to receive them. This suit was brought by appellants to recover damages of appellee for its failure to receive the logs. The proof shows that the logs were cut from a tract of 300 acres of land which was owned by five or six parties as tenants in common; that the owner of an undivided one-fourth of the land sold the poplar timber on the land to appellants without authority from the other owners; that the owners of another fourth of the land notified appellee not to receive the logs; and that the owner of the other half of the land, who was a nonresident of the State, was ignorant of the cutting of the timber. If appellants had not good title to the logs, or one which would have protected appellee in receiving and using them, it had a right to decline to receive them. Their only right to the logs was by reason of their contract with one of the joint owners, who clearly had no right or authority to sell anything but his one-fourth interest in the property. Appellants, therefore, by their contract with him, only

acquired one-fourth of the title to the timber. In 2 Am. & Eng. Enc. Law, p. 1090, the rule is thus stated: "Joint tenants or tenants in common may, of course, join in a conveyance of the common property, but, one co-tenant not being permitted to do any act which will prejudice the rights of another, a sale made by one will not devest another of his interest in the common property, unless he had been duly authorized to make such sale, or unless the sale was duly ratified by the other tenants. But such a sale is not, as a general rule, void; the purchaser's title attaching to such interest, and only such, as the tenant of whom he purchased was possessed." In Shepard v. Pettit, 30 Minn., 119; (14 N. W., 511), the co-tenant had cut logs on the joint property without the consent of the other owner. After showing that a co-tenant of real estate may enjoy the beneficial use of the land according to the usual course of husbandry, the court adds: "But this right to retain, use, and appropriate the benefits of the land extends only to the products of its proper use and employment, and not to anything which is part of the land itself, and not severable in the proper use of it. He is undoubtedly liable for waste, or for destruction of what is of the realty, or for acts amounting to a destruction of part of the realty, as the severance and removal of a mill or the fixed machinery. The wrongdoer can acquire no right by his wrongful act of severing part of the realty, and so changing its character from real to personal property. Standing trees are ordinarily, at least, to be regarded, as between the co-tenants, as part of the real estate, and severing and removing them without consent of other co-tenants is a destruction to that extent of the realty. After the severance they are the property of the co-tenants, and by a conversion of them the co-tenant

converting them becomes liable to his co-tenants as in case of other personal property." To same effect, see Hinson v. Hinson (N. C.), 27 S. E., 80. A tenant in common, by section 2332, Kentucky Statutes, is made liable if he commits waste. It is clear that it is waste to cut and remove the timber off timbered land, and where this is done by a tenant in common his co-tenant may, at his election, claim the property in the hands of a purchaser, or hold him liable for a conversion. Richey v. Brown, 58 Mich., 435; (25 N. W., 386); Benedict v. Torrent (Mich.), 47 N. W., 129; (11 L. R. A., 278); Ballentine v. Joplin (Ky.), 48 S. W., 417. As appellants had not title to the logs which they proposed to deliver to appellee, and it would have been liable to the other owners of the land for three-fourths of the value of the logs, although it had paid appellants for them, it had a right to refuse to receive them, and the court below properly instructed the jury peremptorily to find for appellee. Judgment affirmed.