[L. A. No. 4475.    Department One.—July 30, 1918.]

## N. O. NELSON MFG. CO., Appellant, v. T. J. RUSH et al., Respondents.

MECHANICS' LIENS—FAILURE OF MATERIALMAN TO SERVE "STOP" NOTICE—LOSS OF LIEN.—Where a materialman for a subcontractor, after having been served by the owner of the building which was under construction, with a demand that he should give the owner the "stop" notice provided for in section 1184 of the Code of Civil Procedure, failed to give such stop notice, he was deprived of the right to claim any lien for any part of the materials furnished to the subcontractor.

ID.—CORPORATION AS MATERIALMAN—DEMAND ON CREDIT MANAGER SUFFICIENT.—Where the materialman was a corporation, service of a demand for the stop notice upon the credit manager of the corporation was sufficient, since it was a demand upon an agent of a corporation who was in charge of a particular branch of its business, on a matter relating to such branch and in the ordinary course thereof.

ID.—CONSTITUTIONAL LAW—VALIDITY OF STATUTE.—The provision of section 1184 of the Code of Civil Procedure, to the effect that any person who shall, on the written demand of the owner, refuse to give the stop notice therein prescribed shall thereby deprive himself of the right to claim a lien, is not unconstitutional, as operating to deprive persons bestowing materials or labor upon a building of a lien given to them by section 15 of article XX of the constitution, it being nothing more than a reasonable and just regulation of the exercise of the constitutional right to a lien, which the legislature has the right to make in the exercise of the police power.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Sidney N. Reeve, Judge.

The facts are stated in the opinion of the court.

Daniel Beecher, and R. L. Horton, for Appellant.

G. C. De Garmo, Behymer, Craig & Salzman, and W. T. Blakely, for Respondents.

SHAW, J.—The plaintiff appeals from the judgment.

The action is to foreclose a lien claimed by the plaintiff upon the property of T. J. Rush for materials furnished to W. A. Merrick, who was a subcontractor for a plumbing and heating plant installed in an apartment house erected by the Pacific States Investment Company, as original contractor, for T. J. Rush, the owner. The plaintiff is a corporation.

The plaintiff's claim for the materials amounted to $6,261.95. The court allowed it only $461.95. It is of this reduction that the plaintiff complains. During the progress of the work on Merrick's subcontract, the principal contractor paid Merrick from time to time sums amounting to seven thousand five hundred dollars on the subcontract price, out of moneys received from the owner. This money Merrick deposited in his general bank account in which he also kept other moneys derived from other sources. By checks drawn on this account he made payments to plaintiff amounting to seven thousand five hundred dollars. At the time each of these checks was drawn he had just received a large sum from the principal contractor as aforesaid, and the balance of his account was not then sufficient to have paid the check without drawing upon the money so received from the principal contractor. At that time he owed other debts to the plaintiff amounting to five thousand eight hundred dollars, but he gave no directions to plaintiff as to the application of these checks. The plaintiff thereupon applied five thousand eight hundred dollars thereof upon the other debts, the result whereof was that there still remained unpaid on the debt for which the lien is claimed, the sum of $6,261.95 as above stated. The court refused to allow this application on the other debts and credited the five thousand eight hundred dollars on the $6,261.95, claimed to be due for the materials furnished to Merrick. The court took the view that by reason of the provisions of the lien law, this application could not lawfully be made. In this it is claimed that the court erred.

We do not find it necessary to determine the question thus presented. For other reasons about to be stated we are of the opinion that the plaintiff was not entitled to any lien upon the property of Rush for any part of this claim. Section 1184 of the Code of Civil Procedure provides that any of the persons said to be entitled to a lien in section 1183 may give a notice to the owner that they have performed labor or furnished material, or both, to the contractor, for use in the building, or that they have agreed to do so, stating the amount of that done or furnished, or agreed to be done or furnished, and thereupon it proceeds as follows: "And any of the said persons who shall on the written demand of the owner, refuse to give such notice shall thereby deprive himself of the right to claim a lien under this chapter."

After the plaintiff had begun to furnish materials to Merrick on this subcontract and had furnished a large amount thereof, and during the progress of the work while the owner still held enough of the original contract price unpaid to have satisfied the plaintiff's claim, if a stop notice had been given, the owner, Rush, served upon one Sackett, who was then the credit manager of the plaintiff, a demand, the material portions of which are as follows:

"Los Angeles, California, June 24, 1913.

"To Dr. T. J. Rush and Mrs. Eva Rush, Owners of Building at Northwest Corner of Orange & Bonnie Brae, Los Angeles:

"You are hereby notified that the undersigned has furnished materials, namely . . . to be used in the construction of said building; that said materials were sold and furnished to . . . and that the value of said materials so furnished is the sum of . . . dollars on which there is a credit of $ . . . leaving a balance of $ . . . still due, owing and unpaid.

"You are hereby notified to withhold from any moneys due or that may become due from you for the construction of said building, a sum sufficient to pay the undersigned said sum of $ . . . together with costs, as provided by law.

"Please fill out the above and mail to me.

"Dr. T. J. RUSH."

The description of the property in the complaint states that it is situated on the northwest corner of Orange and Bonnie Brae Streets, in the city of Los Angeles. The description in the above form of notice was sufficient to identify the prop-

erty to which it referred as the same property on which the building was being erected and for which plaintiff was furnishing materials. This paper was, therefore, in substance and effect, a demand by the owner upon the plaintiff that it should give the stop notice provided for in section 1184 aforesaid. It further appears that the plaintiff never gave such stop notice and that the owner had paid out to the original contractor all the moneys due on the contract price, as they became due, prior to the filing of the claim of the plaintiff in the recorder's office. It follows from this that the plaintiff is deprived of the right to claim any lien for any part of the materials furnished to the subcontractor.

Although these facts are all stated in the findings, the court below was unwilling to rest its decision upon this point because of its doubt whether a demand served on the credit manager of the plaintiff could be deemed to be a demand upon the plaintiff. The defendants have acquiesced in this view, at least so far that they did not take an appeal from the judgment for $461.95. In resisting the plaintiff's appeal, however, they claim that because of these facts the plaintiff was not entitled to any lien, and, consequently, that he cannot complain of the action of the court in eliminating the five thousand eight hundred dollars from his lien claim and reducing it to $461.95. We are satisfied that the demand upon the credit manager of the plaintiff was sufficient. The materials furnished to Merrick were sold upon credit and the debts thus arising from Merrick to the plaintiff were a part of the credits of the plaintiff, of which Sackett was the manager. *Prima facie* at least, his duties would embrace the determination of the advisability of giving this credit to Merrick and the taking of such steps as would be necessary or appropriate in the ordinary course of business to secure their payment. Among these would be the giving of the stop notice to the owner in order to have money withheld from the contract price out of which to pay this claim. It would be strictly within the scope of the duties of a credit manager to attend to this part of the business of the plaintiff. A corporation can act only by agents, and hence a demand upon an agent who is in charge of a particular branch of its business, on a matter relating to such branch and in the ordinary course thereof, is sufficient. This demand was sufficient to accomplish the desired end, and the failure of the plaintiff to give

the stop notice thus required brought it completely within the terms of the provision of section 1184 and prevents it from claiming or enforcing any lien thereon upon the property for any part of its claim.    It has obtained by the judgment more than its lawful right.

The authorities fully support this conclusion: "The officer or agent to whom the management of the business is thus intrusted may be called the 'manager,' 'general manager,' 'general agent,' 'superintendent,' etc., or he may be the 'president,' 'treasurer,' 'secretary,' etc.    But his title, while it may raise a presumption as to the extent of his authority, does not necessarily determine his authority.    The extent of his implied authority depends upon the duties with which he is intrusted.    He may be intrusted with the entire management and control of the business, and in such a case his authority to act for the corporation is very broad.    Or he may be intrusted with the management of a particular branch of the business only.    In any case the extent of his authority depends upon the scope of his employment. . . . If he is intrusted with the management of a particular branch of the business only, his authority does not extend beyond such contracts and acts as are incident to the management of that particular branch."    (3 Clark & Marshall on Corporations, sec. 700; *Hobbs* v. *Georgia Lumber Co.*, 74 Ga. 371; *Love* v. *Anchor etc. Co.*, 5 Cal. Unrep. 425, [45 Pac. 1044].)

The plaintiff suggests that the above-quoted provision of section 1184 is unconstitutional, that it operates to deprive persons bestowing materials or labor upon a building of a lien given to them by section 15, article XX, of the constitution. The provision of the section is nothing more than a regulation of the exercise of the constitutional right to a lien.    It is reasonable and just, and one which the legislature has a right to make in the exercise of the police power, similar to that which it has to regulate the exercise of the right to make contracts by prescribing reasonable regulations respecting the form thereof.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.,* concurred.