[Civ. No. 3947. First Appellate District, Division One.—November 23, 1921.]

INDIA M. FULLER, Plaintiff and Respondent, v. P. MON-TAFI et al., Defendants and Appellants; KNEELAND L. FULLER, Cross-complainant, Defendant and Respondent.

[1] TENANCY IN COMMON — COMMISSION OF WASTE — INJUNCTION — RIGHT OF COTENANT.—A tenant in common is entitled to an injunction to restrain the cutting of timber upon lands owned by her and her son as tenants in common, where she did not execute the contract made with the defendants by her son for the cutting of such timber, or ratify or confirm the contract by her acts or conduct.

[2] ID.—CONTRACT WITH COTENANT FOR CUTTING OF TIMBER—LACK OF CONSENT OF COTENANT—DAMAGES FROM INJUNCTION—NONLIABILITY OF CONTRACTING TENANT.—A tenant in common is without authority to enter into a contract without the consent of his cotenant for the cutting and removal of timber from the tenancy in common, and one who enters into such a contract with knowledge that the property is held in cotenancy cannot recover damages against the contracting cotenant for damages alleged to have been suffered from an injunction preventing such cutting and removal.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. G. Scott for Appellants.

Wallace L. Ware for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in an action brought by her to enjoin the defendants Montafi, Giudici, and Donati from committing waste, consisting in the cutting by them of tan-oak timber upon certain lands and premises of which the plaintiff was the owner of an undivided interest as a tenant in common with one Kneeland L. Fuller, her son, who owned the other

1. Injunction against trespass to cut timber, notes, 11 Ann. Cas. 456; 22 L. R. A. 233; 43 L. R. A. (N. S.) 262.

2. Rights of cotenants *inter se* as to timber, note, 2 A. L. R. 993.

undivided interest therein. The said plaintiff did not join her said son as a party plaintiff in the action but the defendants undertook to make him a party thereto through the filing of a cross-complaint in which he was named as a cross-defendant. In their answer herein the defendants denied generally and specifically the averments of the plaintiff's complaint as to her ownership of the premises in question and as to any damage caused by their acts in cutting the tan-oak timber upon the same. In their cross-complaint the said defendants set forth affirmatively that they had gone into the possession of said premises, and had cut and carried away certain tan-oak bark under and by virtue of a contract in writing between themselves and said Kneeland L. Fuller giving them the right so to. do; and they further averred that having entered upon said premises in pursuance of said contract and partly performed the same they were prevented from further proceeding with the performance of said contract through the fraudulent coercion of said plaintiff with said Kneeland L. Fuller, to their damage in a large sum. They asked that said Kneeland L. Fuller be made a cross-defendant in the action, and they prayed that the plaintiff take nothing by her complaint but that the defendants have judgment against her and against said cross-defendant for damages in the sum of $1,460.

Upon the trial and submission of the cause the trial court made and filed its findings of fact and conclusions of law, and in so doing found that the plaintiff was and for several years prior to June 20, 1918, had been the owner of an undivided one-half interest in the premises described in her complaint; that upon said twentieth day of June, 1918, there were standing and growing thereon certain tan-oak timber of the value of about $2,000, and that on or about said last-named date said defendants, without permission or authority from said plaintiff and in violation of her rights and interests in said premises and without her will, wish, or consent, entered upon said premises and proceeded to cut the said tan-oak timber thereon; that between said date and the first day of September, 1918, they cut and removed from said property some twenty-seven cords of tan-bark of the value of $810, and in so cutting and removing said tan-bark they also cut and destroyed many young

second-growth tan-oak trees, to the great damage of said plaintiff. The court further found that on March 1, 1919, the said defendants again entered upon said premises and resumed the cutting of tan-oak timber thereon, and were proceeding with their unauthorized activities in so doing, to the plaintiff's irreparable damage, when this action was instituted by her.

The court then proceeded to make findings upon the issues presented by defendants' cross-complaint, and in so doing found that the cross-defendant Kneeland L. Fuller had for some years prior to May 28, 1918, been and was on said date the owner of an undivided one-half interest in the premises described in the plaintiff's complaint; that on said date he entered into the following contract with the defendants Montafi, Giudici, and Donati, namely:

"Know all men by these presents that I, K. L. Fuller has this day sold to P. Montafi, Sperindio Giudici and N. Donati, all the tan bark and wood belonging thereto on what is known as the C. E. Fuller ranch in Bodega township, County of Sonoma, Cal., for and in consideration of the sum of one hundred and fifty dollars, and ten cords of tan bark wood, the receipt whereof is hereby acknowledged as paid. I, the party of the first part hereby agree to extend the time for a period of three years to the said party of the second part as named above in which to cut and peel the wood and tan bark above referred to.

"We, the party of the second part, viz., P. Montafi, Sperindio Giudici and N. Donati hereby agree to all the conditions and terms of this contract above set forth."

The court further found that the tan-bark and wood referred to in said contract was the tan-bark and wood growing upon the premises described in the plaintiff's complaint; that the sum of $150 named in said contract as a part consideration therefor was paid at the date thereof to the cross-defendant, but that no portion of the tan-bark wood constituting the remaining portion of said consideration had been delivered; that said defendants had suffered no damage by reason of any fraudulent collusion of said cross-defendant with the plaintiff, his mother, in refusing to permit said defendants to remove any more tan-bark or wood from said premises or to continue cutting the same, and that

said cross-defendant and his said mother had not been guilty of any fraud or collusion in the premises.

As a conclusion of law from said findings of fact the trial court found that the plaintiff was entitled to the relief prayed for in her complaint, and that the defendants were entitled to no relief upon their cross-complaint.

The defendants have appealed from such judgment and urge the following points upon said appeal: First, that the evidence is insufficient to justify the findings of the trial court upon the plaintiff's alleged cause of action; and, second, that the defendants were entitled to a judgment for damages against the cross-defendant Kneeland L. Fuller upon the undisputed evidence in the case.

[1] As to the first of these points we are satisfied from a careful review of the evidence in the case that the appellants' contention cannot be sustained for the reason that the evidence is undisputed that the plaintiff was at all times the owner of an undivided one-half of the premises in question as a tenant in common with her son, Kneeland L. Fuller; and is also undisputed that she did not sign or execute the contract made with the defendants by her said cotenant: she could not therefore be bound by said contract, nor could her rights in the substance of said real estate be invaded through the making of the same with her cotenant, unless it could be shown that she had by her acts and conduct ratified and confirmed said contract and was thus estopped to maintain this action. The evidence on this branch of the case is sharply and substantially in conflict. The plaintiff herself testified that she never acceded to the making of said contract nor accepted the same nor any of the fruits thereof, but had always disapproved the same, and that she had informed the defendants of her said disapproval and warned them off the premises. She is supported by other witnesses in so testifying; and the trial court evidently believed her story and made its findings in her favor upon this branch of the case accordingly. In this state of the record we shall not under the well-settled rule disturb the findings and judgment of the trial court upon this branch of the case.

[2] The appellants' next contention is that the trial court was in error in its refusal to award the defendants

judgment for damages against the cross-defendant Kneeland L. Fuller.

This cross-defendant was not a party to the original action but was attempted to be brought in as a party thereto by the defendants' amended answer and cross-complaint, wherein it was asserted that the cross-defendant Kneeland L. Fuller had made the written contract above referred to with the defendants and that the plaintiff had ratified, confirmed, and adopted the same. The proceedings attending the filing of this answer and cross-complaint and the bringing in of this cross-defendant as a party to the action were irregular for the reason that the procedure outlined in sections 389 and 442 of the Code of Civil Procedure was not followed. The plaintiff and the cross-defendant each filed separate demurrers to the defendants' amended answer and cross-complaint upon several specified grounds, but otherwise urged no objection to the same or the filing thereof upon the ground of noncompliance with the aforesaid sections of the Code of Civil Procedure. The court overruled these demurrers, and the cause proceeded to trial without further objection as to the irregularity of said cross-defendant's injection into the case. It may be noted in passing that one of the grounds specified in said demurrers was that the defendants were attempting by their cross-complaint to improperly inject an action at law for damages against the cross-defendant Kneeland L. Fuller into an action in equity for an injunction to prevent threatened waste. This objection would probably have been good if the defendants had cross-complained merely against cross-defendant Kneeland L. Fuller, praying for damages for his breach of the contract in no way related to the plaintiff's action to enjoin waste; but this they did not do, since the gravamen of their cross-complaint was that the plaintiff in the action had confirmed and thus become a party to the contract which her cotenant had made. The prayer for relief in damages was, therefore, against both the plaintiff and the cross-defendant, and the cross-complaint thus set up a cause of action against both of said defendants for the breach of a contract the performance of which upon the part of the defendants plaintiff was seeking to enjoin. It therefore presented proper matter for a cross-complaint under section 442 of the Code of Civil Procedure. This being so, and the

trial court having acquired jurisdiction over the whole subject in controversy, it had power to grant the cross-complainants whatever relief the law and the evidence showed them to be entitled to.

The evidence in the case shows practically without conflict that the cross-defendant by his written contract with the cross-complainants sold to the latter all of his interest in the tan-bark and wood upon the Fuller ranch for a consideration of $150 in cash and ten cords of tan-bark wood, giving to said parties three years within which to cut and peel the said bark and wood. The cross-complainants paid the cash consideration, went upon the premises, cut approximately 200 cords of tan-bark wood, and peeled therefrom about sixty-two cords of tan-bark, of which they removed and sold twenty-seven cords for approximately $800. The remaining tan-bark and wood was not removed or sold because of the injunction issued herein, and the ten cords of tan-bark wood to be delivered to the cross-defendant under said contract were not delivered, probably for the same reason. It was testified that the tan-bark wood upon the premises would, if sold, have realized to the cross-complainants a profit of approximately $800, and the remaining tan-bark a profit of $700. From these undisputed facts it would seem to follow that if the cross-complainants were entitled as a matter of law to any relief against the cross-defendant, they will be entitled to substantial damages, which the trial court denied them. But were the cross-complainants entitled as a matter of law to any relief against the cross-defendant upon the whole facts of this case?

We think not. In entering into their contract with Kneeland L. Fuller the cross-complainants were knowingly dealing with a tenant in common of the real estate described therein, and were seeking to obtain from him the right to cut and carry away a large portion of the timber then growing upon said premises. The evidence sufficiently shows, and the court found, that a large part of said growing timber was of young and second-growth tan-bark oak trees too immature for cutting, and the cutting and destruction of which would, and in fact did, work great and irreparable injury to the said real estate. That the cutting of such timber would constitute waste as against the right and

interest of the cotenant not consenting thereto may be taken to be settled law (2 Blackstone's Commentaries, 281; *Buckelew* v. *Estell*, 5 Cal. 108; *Silva* v. *Garcia*, 65 Cal. 591 [4 Pac. 628]; *Pardee* v. *Camden Lumber Co.*, 70 W. Va. 68 [43 L. R. A. (N. S.) 262, 73 S. E. 82]). It is also well settled that a tenant in common of real estate cannot lawfully himself do any act which would impair the rights of his cotenant in real estate (Tiffany on Real Property, sec. 993; *Nevels* v. *Kentucky Lumber Co.*, 108 Ky. 550 [94 Am. St. Rep. 388, 49 L. R. A. 416, 56 S. W. 969]). If this be true it follows that a tenant in common of real estate cannot lawfully transfer to another a right to do that which he cannot lawfully do in respect to said real property. It has accordingly been held that a tenant in common of land has no power to convey to a stranger the right to divert water from the land (*Pfeiffer* v. *Regents, etc.*, 74 Cal. 156 [15 Pac. 622]), or create an easement in the common estate against his cotenant (*Waterford Irr. Dist.* v. *Turlock Irr. Dist.*, 50 Cal. App. 213 [194 Pac. 757]; *Southern Investment Co.* v. *Postal Telegraph Co.*, 156 N. C. 259 [Ann. Cas. 1913A, 224, 72 S. E. 361]; *Moore* v. *Moore*, 4 Cal. Unrep. 190 [34 Pac. 90]). It follows from these authorities that Kneeland L. Fuller, the cross-defendant herein, could not lawfully have granted to the cross-complainants herein the right to enter upon the premises in question and do acts thereon in the way of cutting and removing the aforesaid growing timber therefrom, which acts, if done without first obtaining the agreement or consent of his other cotenant, would constitute waste which the latter would be entitled to enjoin. The cross-complainants in taking such contract and in attempting to execute the same did so at their peril, and hence would have no right to complain nor to recover damages against the other party to said contract when, without any fraud or collusion on his part, his cotenant in common rightfully enjoined them from committing or continuing acts of waste upon said real estate in the course of the execution of the terms of said contract. The trial court expressly found that there was no fraud or collusion as between the cross-defendant and the plaintiff herein. We think, therefore, that the trial court was correct in holding that the cross complain-

ants herein were not entitled to recover damages against the cross-defendant herein.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.